Attorney ID#030202008

## CLARK GULDIN

Attorneys At Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
973.707.5346
973.707.7631 (fax)
*Attorneys for Plaintiff*

|  | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.: |
|---|---|
| **ISRAEL DISCOUNT BANK OF NEW YORK**,<br>　　　　　　Plaintiff,<br>vs.<br>**PROMPT APPAREL LA, INC., HERMAN FRIEDMAN, ISAAC FRIEDMAN, A.J. WILLNER AUCTIONS, LLC** and **XYZ CORPS. 1-10**,<br>　　　　　　Defendants. | C<small>IVIL</small> A<small>CTION</small><br><br>**VERIFIED COMPLAINT** |

Plaintiff, Israel Discount Bank of New York, by way of Verified Complaint against Defendants, Prompt Apparel LA, Inc., Herman Friedman, Isaac Friedman, A.J. Willner Auctions, and XYZ Corps. 1-10 (collectively "Defendants"), alleges and says:

## THE PARTIES

1.　　Plaintiff, Israel Discount Bank of New York ("IDB"), is a New York banking corporation with a principal place of business at 1114 Avenue of the Americas, New York, NY 10036.

2.　　Upon information and belief, Defendant, Prompt Apparel LA, Inc. ("Prompt") is a California corporation with a principal place of business at 4060 E. Francis St., Suite 200, Ontario, CA 91761.

3.　　Upon information and belief, Defendant, Herman Friedman, is an individual residing at 56 Lorimer Street, Apt. 1, Brooklyn, NY 11206.  Herman Friedman is the President of Prompt.

4.      Upon information and belief, Defendant, Isaac Friedman, is an individual residing at 84 Middleton Street, Apt. 3B, Brooklyn, NY 11206.  Isaac Friedman is a Senior Manager at Prompt.

5.      Upon information and belief, Defendant, A.J. Willner Auctions, LLC ("AWA"), is a New Jersey Limited Liability Company with a principal place of business at 91 Hamburg Turnpike, Riverdale, NJ 07457.  AWA is a commercial insolvency auctioneer.

6.      Defendants, XYZ Corps. 1-10 ("XYZ Corps."), are fictitious entities whose identities are unknown to Plaintiff at this time.

## GENERAL ALLEGATIONS

7.      IDB is a secured creditor of non-party Chic Home Design LLC ("Chic"), a wholesaler and direct-to-consumer retailer of furniture, home décor, and bedding (the "Merchandise"), among other products.

8.      Chic registered a trademark for the Merchandise (the "Trademark") with the United States Patent and Trademark Office ("USPTO") for the first time in or around 2017 and re-registered its trademark by application filed on September 14, 2018.  A true and accurate copy of the current USPTO Registration Certificate for the Trademark is attached hereto as **Exhibit A**.

9.      Pursuant to the UCC Financing Statement dated October 8, 2021, IDB has a perfected security interest in "[a]ll assets of [Chic], wherever located, whether now owned or hereafter acquired."  A true and accurate copy of the UCC Financing Statement dated October 8, 2021, is attached hereto as **Exhibit B**.

10.     By Trademark Security Agreement dated October 8, 2021 (the "TSA"), Chic granted a security interest in and assigned the Trademark to IDB, and on or about October 20, 2021, the TSA and Trademark Assignment Cover Sheet (together with the TSA, the "Trademark Assignment") were submitted to the USPTO in order to properly register and record IDB's rights in connection with the Trademark and Merchandise.  A true and accurate copy of the Trademark Assignment that was filed with the USPTO is attached hereto as **Exhibit C**.

11.     Thus, by virtue of the assignment and perfected security interest, IDB has an established right of ownership in the Merchandise and Trademark.

12.     On or about November 2 2017, Chic and Prompt entered into a written agreement that provided, among other things, that Prompt would provide warehouse services to Chic under a certain schedule of rates (the "First Agreement").

13.     The warehouse services that Prompt was to provide included, among other things, storing Chic's Merchandise and shipping and/or fulfilling orders on behalf of Chic.

14.     Upon information and belief, Herman and Isaac Friedman are responsible for controlling and directing Prompt's business operations.

15.     Although the First Agreement was only valid through the end of 2018, Chic and Prompt continued to do business with each other until approximately June 2022, at which time a dispute arose between Chic and Prompt concerning rates for storage, shipping and fulfillment of orders.

16.     Thereafter, the parties reached an agreement to resolve their dispute (the "Second Agreement" and, together with the First Agreement, the "Warehouse Agreements"), but Prompt eventually terminated the agreement and ceased performing any further services for Chic.

17.     Prompt has since held the Merchandise as potential security to satisfy a judgment in the event that it prevails in the SDNY Action for potential collection (the "Improper Collateral").

18.     The dispute between Prompt and Chic concerning the Warehouse Agreements is currently the subject of an ongoing, separate litigation that Prompt commenced in or about December 2023 in New York State Court, which was subsequently removed to the United States District Court for the Southern District of New York ("SDNY") and is currently styled *Prompt Apparel LA, Inc. v. Chic Home Design LLC et al.*, No. 1:24-cv-00279 (SDA) (the "SDNY Action"). A true and accurate copy of Prompt's Amended Verified Complaint filed in the SDNY Action on February 2, 2024 is attached hereto as **Exhibit D**.

19.     In the SDNY action, Prompt alleged, among other things, (i) Chic breached the parties' Warehouse Agreement, (ii) Prompt terminated the Warehouse Agreement effective

October 31, 2023, and (iii) Prompt was entitled to charge Chic for storage at a rate of $0.43 per cubic feet, and on the bases of these allegations, Prompt alleged that it was entitled to a declaratory judgment confirming same. (*See* Ex. D at ¶¶ 19-40, 54-60.) .

20. By letter dated January 4, 2024, Prompt demanded that IDB remit payment to Prompt in the amount of $427,894.18, which according to Prompt represents a balance owed to it by Chic. In addition, Prompt threatened to seize the Merchandise in its warehouse and sell it at auction if IDB did not make payment by January 31, 2024. The balance alleged, however, assumes that Prompt prevails on its pending claims in the SDNY Action.

21. In or about February 2024, Chic and Prompt reached an interim agreement whereby Chic agreed to pay, and Prompt agreed to accept payments, of "undisputed balances" while the SDNY Action was pending without prejudice to any of the parties' claims (the "Interim Agreement"). In accordance with the Interim Agreement, on or about February 8, 2024, IDB, on behalf of Chic, made a payment to Prompt in the amount of $272,744.25 via wire transfer. A true and accurate copy of an email chain between Chic and Prompt dated February 1, 2024 through February 8, 2024, is attached hereto as **Exhibit E**.

22. In or about March 2024, despite IDB having paid Prompt the agreed upon $272,744.25, Prompt repudiated the Interim Agreement and refused to allow Chic to remove any further merchandise from its warehouse as Prompt asserted it had a lien over this inventory due to the balance that Prompt alleged was due and owing.

23. Over the next few months, Prompt continued to hold Chic's Merchandise as Improper Collateral and asserted that Chic remained responsible for storage charges at inflated rates.

24. At the same time, Prompt solicited IDB to make payments on Chic's behalf in exchange for Prompt releasing Chic's merchandise.

25. IDB and Prompt refused to pay the monies demanded by Prompt because, among other things, the demands were for sums of monies far beyond that to which Prompt was entitled.

26.     The SDNY action continued apace and, in or about November 2024, the parties submitted motions for summary judgment.

27.     While awaiting decisions on their respective claims pending decision by the Magistrate Judge in the SDNY Action, Prompt sent another demand letter to IDB.

28.     By letter dated November 8, 2024, Prompt issued a "Demand for Payment and Notice of Intended Auction Sale of Merchandise" to IDB alleging that Prompt is owed "no less than $1,369,482.33" for all storage costs (which Chic and IDB deny)—which includes purported storage costs for the period during which Prompt refused to allow Chic to remove the Merchandise—and that absent payment in full by the close of business on November 21, 2024, Prompt will sell all the Merchandise at an auction to be conducted by AWA on December 10, 2024 (the "Demand Letter").  However, the alleged balance, again, assumes that Prompt prevails on all its causes of action in the SDNY Action.  A true and accurate copy of the Demand Letter is attached hereto as **Exhibit F**.

29.     Despite the fact that the Merchandise is covered by the Trademark, AWA nevertheless advertised the auction and sale of the same on its website without any authorization from IDB or Chic.

30.     In response to Prompt's Demand Letter, by letter dated November 18, 2024, the undersigned counsel, on behalf of Chic, wrote to AWA to explain that (i) IDB has a secured interest in the Merchandise per the publicly available UCC Financing Statements; (ii) Prompt has no right to make the Merchandise available for auction; and (iii) Prompt's actions were concerning in light of the ongoing lawsuit and pending determination by the SDNY.  A true and accurate copy of the letter dated November 18, 2024, is attached hereto as **Exhibit G.**

31.     In the SDNY Action, on or about November 25, 2024, the Honorable Stewart D. Aaron, U.S.M.J., issued an Opinion and Order (the "Order") denying both Chic's and Prompt's respective motions for summary judgment, and expressly concluded that "the Court cannot determine as a matter of law whether or not [Chic] breached the [warehouse] agreement."  In addition, the Court could not determine the parties' rights with respect to the alleged termination

of the First Agreement and the rates to be paid for the warehouse services.  A true and accurate copy of the Order is attached hereto as **Exhibit H**.

32.     Despite the clear and express holding by Judge Aaron in the SDNY Action, two days later, Prompt sent a "Notice of Rescheduled Intended Auction Sale of Merchandise" letter to IDB, among others, advising that the auction of the Merchandise will be held on December 12, 2024 (the "Rescheduled Auction Letter").  A true and accurate copy of the Rescheduled Auction Letter is attached hereto as **Exhibit I**.

33.     Upon information and belief, AWA has temporarily postponed the auction but, at the direction of and in coordination with Prompt, intends to reschedule and conduct the auction in the immediate future.

34.     Upon information and belief, after the Merchandise is sold at auction, it will be re-sold to consumers.

35.     If the Merchandise is sold at auction, IDB (and Chic) will lose all control over the use of its Trademark and the auction will set the market for other Chic goods that fall under IDB's security interest.  Indeed, Chic is currently selling other inventory (which is not being stored by Prompt) every day under its Chic Home Seller account on Amazon at what are, upon information and belief, significantly higher prices than those at which the purchasers of the Merchandise at auction will re-sell the goods and further damage IDB and Chic.

36.     In fact, because Prompt is currently holding the Merchandise as Improper Collateral in its warehouse, IDB has no control over the storage of the Merchandise and is unable to perform any quality control, creating a substantial risk of reputational damage to Chic and, by extension, IDB, in the event that the Merchandise is sold at auction and then re-sold to consumers.

37.     In addition, if the Merchandise is sold by AWA and Prompt at auction, there is a substantial likelihood of confusion as consumers will likely believe that the re-sold Merchandise is coming from its original source, Chic, even though neither Chic nor IDB currently has access to the Merchandise.

38.     IDB has repeatedly advised AWA and Prompt that it does not consent to the Merchandise being sold at auction unless Prompt agreed to escrow all proceeds received from any sale pending resolution of the SDNY Action.

39.     Prompt refuses to do so and, upon information and belief, intends to abscond with any payments received from any potential auction.

## FIRST COUNT
### Preliminary Injunction
### (Against Prompt Apparel LA, Inc. and A.J. Willner Auctions)

40.     IDB incorporates each and every allegation in the preceding paragraphs as if fully set forth herein.

41.     As more fully described in the preceding paragraphs, IDB is the rightful owner of the Merchandise and Trademark.

42.     As more fully described in the preceding paragraphs, Defendants are wrongfully interfering with IDB's rights to the Merchandise by advertising and attempting to sell the Merchandise at auction without IDB's authorization.

43.     As more fully described in the preceding paragraphs, Defendants are using IDB's Trademark in commerce without authorization and thereby infringing on the Trademark.

44.     As more fully described in the preceding paragraphs, IDB will be irreparably harmed if Defendants are permitted to sell the Merchandise at auction.

45.     Accordingly, IDB is entitled to an Order enjoining and restraining Defendants from selling the Merchandise at auction or, in the alternative, requiring the parties to enter into a commercially reasonable agreement that sets forth how the Merchandise may be advertised, where it may be sold and at what price range, and that any and all proceeds from the sale of the Merchandise be placed in escrow pending resolution of the SDNY Action.

**WHEREFORE**, Plaintiff, Israel Discount Bank of New York, demands Judgment against Defendants, Prompt Apparel LA, Inc. and A.J. Willner Auctions, jointly and severally, for all relief that it is entitled to at law and in equity, and specifically as follows under Count One:

(a) [Alternative #1]: Enjoining and restraining Defendants and/or their affiliates, agents, attorneys, employees, or anyone acting on their behalf or under their control from conducting an auction for the sale of the Merchandise, or otherwise selling or disposing of the Merchandise in any way;

(a) [Alternative #2]: Requiring that the parties enter into a commercially reasonable agreement that sets forth how the Merchandise may be advertised, where it may be sold and at what price range, and that any and all proceeds from the sale of the Merchandise be held in escrow pending resolution of the SDNY Action;

(b) Enjoining and restraining Defendants and/or their affiliates, agents, attorneys, employees, or anyone acting on their behalf or under their control from using the Trademark in any advertisements or in any other manner without Plaintiff's express authorization;

(c) Awarding costs of suit and reasonable attorneys' fees;

(d) Awarding pre- and post-judgment interest; and

(e) Awarding such other relief as the Court deems just and proper.

## SECOND COUNT
### Conversion
**(Against Prompt Apparel LA, Inc. and A.J. Willner Auctions)**

46. IDB incorporates each and every allegation in the preceding paragraphs as if fully set forth herein.

47. As more fully described in the preceding paragraphs, IDB has a perfected security interest and established legal right to the Merchandise.

48. As more fully described in the preceding paragraphs, Prompt is wrongfully interfering with the rights of IDB by sponsoring and directing AWA to sell the Merchandise at auction.

49. As more fully described in the preceding paragraphs, AWA is wrongfully interfering with the rights of IDB by advertising the sale of and selling the Merchandise at auction without authorization from IDB.

50.     As a consequence of Prompt's and AWA actions, IBD has suffered damages and will be irreparably harmed if the Merchandise is allowed to be sold at auction.

**WHEREFORE**, Plaintiff, Israel Discount Bank of New York, demands Judgment against Defendants, Prompt Apparel LA, Inc. and A.J. Willner Auctions, jointly and severally, for all relief that it is entitled to at law and in equity, and specifically as follows under Count Two:

(a)     Awarding compensatory and consequential damages;

(b)     Awarding costs of suit and reasonable attorneys' fees;

(c)     Awarding pre- and post-judgment interest; and

(d)     Awarding such other relief as the Court deems just and proper.

## <u>THIRD COUNT</u>
### Trademark Infringement
### (Against Prompt Apparel LA, Inc., Herman Friedman, Isaac Friedman, and A.J. Willner Auctions)

51.     IDB incorporates each and every allegation in the preceding paragraphs as if fully set forth herein.

52.     As more fully described in the preceding paragraphs, by virtue of the Trademark Assignment registered with the USPTO, IDB is the rightful owner of the Trademark.

53.     By advertising the sale of the Merchandise at auction, AWA and/or Prompt are using IDB's Trademark in commerce without IDB's authorization.

54.     Upon information and belief, Herman and Isaac Friedman are in control of and direct Prompt's business operations.

55.     Upon information and belief, Herman and Isaac Friedman have actual knowledge that IDB owns the Trademark for the Merchandise.

56.     Upon information and belief, Herman and Isaac Friedman have actively authorized and approved Prompt's and/or AWA's actions with respect to the use of IDB's Trademark in advertising the sale of the Merchandise at auction.

57.     Upon information and belief, the Merchandise will be re-sold to consumers, and as a result, there is a substantial likelihood of confusion as to the source and/or origin of the Merchandise.

58.     There is a substantial risk of reputational damage to Chic and, by extension, IDB, if the Merchandise is sold at auction.

59.     By advertising the sale of and attempting to sell the Merchandise at auction without IDB's authorization, Defendants are infringing on IDB's Trademark.

60.     IDB will be irreparably harmed if Defendants are permitted to proceed with the auction for the sale of the Merchandise.

**WHEREFORE**, Plaintiff, Israel Discount Bank of New York, demands Judgment against Defendants, Prompt Apparel LA, Inc., Herman Friedman, Isaac Friedman, and A.J. Willner Auctions, jointly and severally, for all relief that it is entitled to at law and in equity, and specifically as follows under Count Three:

(a)     Awarding compensatory and consequential damages;

(b)     Awarding costs of suit and reasonable attorneys' fees;

(c)     Awarding pre- and post-judgment interest; and

(d)     Awarding such other relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Jonathan A. Ozarow, Esq. as its trial counsel in this matter.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

Pursuant to and in accordance with R. 4:5-1(b)(2), the undersigned, attorneys for Plaintiff hereby certifies that the within matter is not the subject of any other action or arbitration proceeding and that no other action or arbitration proceeding is contemplated, except for the action pending in the United States District Court for the Southern District of New York entitled *Prompt Apparel LA, Inc. v. Chic Home Design LLC et al.*, No. 1:24-cv-00279 (SDA).  The undersigned further

certifies that they are unaware of any non-party who should be joined in this action pursuant to <u>R.</u> 4:28 or who is subject to joinder pursuant to <u>R.</u> 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.  Plaintiff nevertheless reserve the right to add parties upon the completion of discovery.   The undersigned acknowledge the continuing obligation to amend this certification pursuant to <u>R.</u> 4:5-1(b)(2).  The undersigned certifies that the foregoing statements are true.  The undersigned is aware that if any of the foregoing statements are willfully false, they are subject to punishment.

> **CLARK GULDIN**
> **Attorneys at Law**
> *Attorneys for Plaintiff*
> *Israel Discount Bank of New York*
>
> By: _____
>     Jonathan A. Ozarow, Esq.

Dated:  December 20, 2024

## VERIFICATION

I hereby verify that the facts alleged above (and that are not alleged upon information and belief) are made on my own personal knowledge and true and correct to the best of my knowledge and belief.  I am aware that if any statement verified by me is willfully false, I am subject to punishment.

Dated:   December 20, 2024

*Jerry Hertzman-SVP*

Jerry Hertzman, Senior Vice President

## CERTIFICATION AS TO GENUINENESS OF
## FACSIMILE SIGNATURE PURSUANT TO R. 1:4-4(C)

I, **JONATHAN A. OZAROW**, of full age, certify as follows:

1.       I am an attorney at law in the State of New Jersey and am a member of Clark Guldin Attorneys at Law, counsel for Plaintiff.

2.       The affiant of the within Verified Complaint, Jerry Hertzman, acknowledged the genuineness of his facsimile signature to this Verified Complaint, and the original document or a copy with an original signature will be filed if requested by the Court or a party.

I hereby certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

Jonathan A. Ozarow, Esq.

Dated:   December 20, 2024

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Chic Home

**Reg. No. 7,304,826**

**Registered Feb. 13, 2024**

**Int. Cl.: 20, 24, 27**

**Trademark**

**Principal Register**

Chic Home Design LLC  (NEW YORK LIMITED LIABILITY COMPANY)
1 West 34th Street, 11th Floor
New York, NEW YORK 10001

CLASS 20: Benches; Chairs; Furniture; Ottomans; Sofas; Bed headboards; Bedroom furniture; Dining tables; Living room furniture; Mirrors; Night tables; Tables; Throw pillows; Upholstered furniture

FIRST USE 9-1-2014; IN COMMERCE 9-1-2014

CLASS 24: (Based on Use in Commerce) Bed blankets; Bed covers; Bed sheets; Bed skirts; Bed spreads; Bed throws; Comforters; Duvet covers; Duvets; Pillow cases; Quilts; Shower curtains; Lap robes; (Based on Intent to Use) Bath towels

FIRST USE 10-1-2004; IN COMMERCE 10-1-2004

CLASS 27: Bathroom mats; Bathroom rugs; Shower mats

FIRST USE 6-1-2022; IN COMMERCE 6-1-2022

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "HOME"

SER. NO. 88-118,293, FILED 09-14-2018



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

**0863245**      **2021 Oct 08 PM04:56**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
[Fax]818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | CHIC HOME DESIGN LLC | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS 275 MADISON AVENUE, 4TH FLOOR | CITY NEW YORK | STATE NY | POSTAL CODE 10036 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Limited Liability Company | 1f. JURISDICTION OF ORGANIZATION NY | ☒ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | ISRAEL DISCOUNT BANK OF NEW YORK | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS 1114 AVENUE OF THE AMERICAS | CITY NEW YORK | STATE NY | POSTAL CODE 10036 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
All assets of the Debtor, wherever located, whether now owned or hereafter acquired.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA NY-0-82860159-62337576 | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202110086628439**

# EXHIBIT C

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1

Stylesheet Version v1.2

ETAS ID: TM682320

| SUBMISSION TYPE: | RESUBMISSION |
|---|---|
| NATURE OF CONVEYANCE: | SECURITY INTEREST |
| RESUBMIT DOCUMENT ID: | 900648582 |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| CHIC HOME DESIGN LLC | | 10/08/2021 | Limited Liability Company: NEW YORK |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | Israel Discount Bank of New York |
| **Street Address:** | 1114 Avenue of the Americas |
| **City:** | New York |
| **State/Country:** | NEW YORK |
| **Postal Code:** | 10036 |
| **Entity Type:** | Association: NEW YORK |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 5112058 | CHIC HOME DESIGN |
| Serial Number: | 88118293 | CHIC HOME |
| Serial Number: | 90709080 | VINTAGE FOUNDRY HOME |

**CORRESPONDENCE DATA**

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| **Phone:** | 614-280-3548 |
| **Email:** | cls-ctlsresultscolumbusteam6@wolterskluwer.com |
| **Correspondent Name:** | Erin Roberson |
| **Address Line 1:** | 4400 Easton Commons Way |
| **Address Line 2:** | Suite 125 |
| **Address Line 4:** | Columbus, OHIO 43219 |

| NAME OF SUBMITTER: | Jessica Hildebrandt |
|---|---|
| SIGNATURE: | /Jessica Hildebrandt/ |
| DATE SIGNED: | 10/20/2021 |

**Total Attachments: 6**
source=82860982#page1.tif

**TRADEMARK**
**REEL: 007457 FRAME: 0822**

source=82860982#page2.tif
source=82860982#page3.tif
source=82860982#page4.tif
source=82860982#page5.tif
source=82860982#page6.tif

**TRADEMARK**
**REEL: 007457 FRAME: 0823**

# TRADEMARK SECURITY AGREEMENT

This TRADEMARK SECURITY AGREEMENT ("Trademark Security Agreement"), dated as of October 8, 2021, is made by CHIC HOME DESIGN LLC, a New York limited liability company ("Grantor") in favor of Israel Discount Bank of New York (the "Lender"), located at 1114 Avenue of the Americas, New York, New York 10036.

WHEREAS, Grantor, and certain affiliates of the Grantor (and together with Grantor, collectively, the "Borrowers"), have entered into a Credit and Security Agreement, dated as of even date herewith (as the same may be further amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), with the Lender; and

WHEREAS, under the terms of the Credit Agreement, the Grantor has granted to the Lender a security interest in, among other property, certain intellectual property of the Grantor, and has agreed to execute and deliver this Trademark Security Agreement, for recording with national, federal and state government authorities, including, but not limited to, the United States Patent and Trademark Office;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor agrees with the Lender as follows:

1.      Grant of Security. Grantor hereby pledges and grants to the Lender a security interest in and to all of the right, title and interest of Grantor in, to and under the following, wherever located, and whether now existing or hereafter arising or acquired from time to time (the "Trademark Collateral"):

(a)      the trademark registrations and applications set forth in Schedule 1 hereto, together with the goodwill connected with the use of and symbolized thereby and all extensions and renewals thereof (collectively, the "Trademarks"), excluding only United States intent-to-use trademark applications to the extent that and solely during the period in which the grant of a security interest therein would impair, under applicable federal law, the registrability of such applications or the validity or enforceability of registrations issuing from such applications;

(b)      all rights of any kind whatsoever of Grantor accruing under any of the foregoing provided by applicable law of any jurisdiction, by international treaties and conventions and otherwise throughout the world;

(c)      any and all royalties, fees, income, payments and other proceeds now or hereafter due or payable with respect to any and all of the foregoing; and

(d)      any and all claims and causes of action, with respect to any of the foregoing, whether occurring before, on or after the date hereof, including all rights to and claims for damages, restitution and injunctive and other legal and equitable relief for past, present and future infringement, dilution, misappropriation, violation, misuse, breach or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

2.      Recordation. Grantor authorizes the Commissioner for Trademarks at the United States Patent and Trademark Office and any other government officials to record and register this Trademark Security Agreement upon request by the Lender.

3.      Loan Documents. This Trademark Security Agreement has been entered into pursuant to and in conjunction with the Credit Agreement, which is hereby incorporated by reference. The provisions of the

**TRADEMARK
REEL: 007457 FRAME: 0824**

Credit Agreement shall supersede and control over any conflicting or inconsistent provision herein. The rights and remedies of the Lender with respect to the Trademark Collateral are as provided by the Credit Agreement and related documents, and nothing in this Trademark Security Agreement shall be deemed to limit such rights and remedies.

4.      <u>Execution in Counterparts</u>. This Trademark Security Agreement may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page to this Trademark Security Agreement by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Trademark Security Agreement.

5.      <u>Successors and Assigns</u>. This Trademark Security Agreement will be binding on and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns.

6.      <u>Governing Law; Choice of Forum; Service of Process; Jury Trial Waiver.</u>  THIS TRADEMARK SECURITY AGREEMENT SHALL BE SUBJECT TO THE PROVISIONS REGARDING CHOICE OF LAW, CHOICE OF FORUM; SERVICE OF PROCESS; JURY TRIAL WAIVER SET FORTH IN <u>ARTICLE 12</u> OF THE CREDIT AGREEMENT, AND SUCH PROVISIONS ARE INCORPORATED HEREIN BY THIS REFERENCE, MUTATIS MUTANDIS.

*[Signature pages follow]*

2

**TRADEMARK**
**REEL: 007457 FRAME: 0825**

IN WITNESS WHEREOF, Grantor has caused this Trademark Security Agreement to be duly executed and delivered by its officer thereunto duly authorized as of the date first above written.

CHIC HOME DESIGN LLC

By: _____
Name: Arvee Claravall Nordling
Title: Chief Financial Officer

[Signature Page to Trademark Security Agreement]

Agreed to and accepted:
ISRAEL DISCOUNT BANK OF NEW YORK,
as Lender

By: _____
Name: Richard Miller
Title: Senior Vice President

By: _____
Name:  Dionne Rice
Title: First Vice President

[Signature Page to Trademark Security Agreement]

**TRADEMARK
REEL: 007457 FRAME: 0827**

## SCHEDULE 1

## TRADEMARK REGISTRATIONS AND APPLICATIONS

| Registered Owner | Trademark | Registration Number | Registration Date | Next Renewal Date |
|---|---|---|---|---|
| Chic Home Design LLC | Chic Home Design | 5112058 | 1/3/2017 | 7/3/23 |
| Chic Home Design LLC | Chic Home | 88118293(App. #) | | |
| Chic Home Design LLC | Vintage Foundry Home | 90709080(App#) | | |
| | | | | |

6663578.2

**TRADEMARK**
**REEL: 007457 FRAME: 0828**

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PROMPT APPAREL LA, INC.

                              Plaintiff,                File Number 1:24- cv- 00279 PAE

         - against -                        FIST AMENDED
                                                <u>VERIFIED COMPLAINT</u>
CHIC HOME DESIGN LLC and
YXI LOGISTICS LLC

                             Defendants.
-----------------------------------------------------------------X

        Plaintiff, PROMPT APPAREL LA, INC. (hereinafter referred to as "Prompt"), by its

attorney, AVROM R. VANN, P.C., as and for its First Amended Verified Complaint herein alleges:

JURISDICTION AND VENUE

        1.      Plaintiff, Prompt, is a California corporation which does not transact business in the

State of New York and which has its office and a place of business at 673 S. 21st Street, Irvington,

New Jersey 07111.

        2.      Upon information and belief Defendants, CHIC HOME DESIGN LLC and YXI

LOGISTICS LLC (hereinafter individually and collectively "Chic"), are each a New York limited

liability company having its office and principal place of business at 275 Madison Avenue, third

floor, New York, NY 10016.

        3.      This lawsuit was originally commenced by Prompt in the Supreme Court of the State

of New York, County of New York under Index Number

        4.      On or about January 12, 2024 Chic removed this lawsuit to this Court.

        5.      Venue is proper in this district by virtue of the residence of Chic.

FIRST CAUSE OF ACTION
(Breach of Contract)

        6.      Prompt and Chic have been engaging in business transactions with one another since

on or about November, 2017.

7.      The business transactions in which Prompt and Chic have engaged is that Chic has utilized the facilities and services of Prompt for the purpose of storing the goods, merchandise and wares in a warehouse facility operated by Prompt in the state of California.

8.      On a periodic basis, customarily monthly, Prompt invoiced Chic for the warehouse services which it provided to Chic and Chic paid those invoices to Prompt.

9.      To facilitate the provision of such warehousing services, on or about November 2, 2017 Prompt and Chic Home Design LLC entered into a warehousing agreement (hereinafter the "Agreement") which sets forth the terms and conditions govern the provision of such warehousing services, and including the initial fees for the warehousing services to be provided by Prompt to Chic.

10.      The Agreement was valid and in effect through January 1, 2019.

11.      Following the termination of the term of the Agreement, Prompt and Chic continue to transact business with each other, from time to time modifying the charges for warehousing services.

12,      On or about February 15, 2019 Chic requested Prompt to include Defendant, YX1 Logistics LLC on the receiving reports and the warehouse bills.

13.      On or about February 15, 2019 Defendant, YX1 Logistics LLC requested that it be included on the receiving reports and the warehouse bills.  The request as made by Chic and/or YX1 Logistics LLC or both is hereinafter referred to as the "Request").

14.      Upon information and belief the reason for the Request that YX1 Logistics LLC was to be included on the receiving reports and the warehouse bills was for the insurance purposes of Chic.

15.      Upon information and belief the reason for the Request that YX1 Logistics LLC was to be included on the receiving reports and the warehouse bills was for the insurance purposes of . YX1 Logistics LLC.

16.     Prompt agreed to the foregoing Request and from and after its receipt of the Request included Defendant YX1 Logistics LLC on its receiving reports and warehouse bills.

17.     Upon information and belief from and after the time that Prompt included Defendant YX1 Logistics LLC and Chic on its receiving reports and warehouse bills, said documents were received by Defendant YX1 Logistics LLC and by Chic and were retained by them without objection as to the inclusion of Defendant YX1 Logistics LLC on said documents.

18.     By virtue of the foregoing, Defendant YX1 Logistics LLC became a joint obligor with Chic on all the invoices thereafter send by Prompt to Chic and Defendant YX1 Logistics LLC.

19.     During the past approximately 12 to 15 months there have been ongoing discussions between Prompt and Chic in which Prompt has sought to terminate its provision of warehousing services to Chic and to cause Chic to remove all of its goods, merchandise, and wares from the warehouse facility.

20.     Although Chic verbally and in writing committed to reduce the quantities of goods, merchandise and wares which it has stored in the warehouse facility, to date, Chic has not taken the steps to implement its verbal commitment.

21.     Frustrated by the failure of Chic to have implemented its verbal commitments and unable to continue to provide warehousing services to Chic on the basis on which Chic was utilizing the warehouse services and facilities, on August 23, 2023 prompt served a Notice of Termination of Warehousing Agreement upon Chic which terminated the Agreement effective October 31, 2023 and which required that Chic remove all of its property, whether goods, merchandise or otherwise, from the warehouse, such removal to take place on or before October 31, 2023. The Notice of Termination of Warehousing Agreement further provided that effective November 1, 2023 Chic would be charged for such storage at the then current rates as in effect including a charge of $0.43 per cubic foot for storage.

22.     Notwithstanding the service of the Notice of Termination of Warehousing Agreement upon Chic, the Defendant, Chic, failed to remove all of its property from the warehouse facility on or before November 1, 2023.

23.     On or about February 1, 2023, Prompt submitted to Chic a Statement setting forth various invoices which Prompt had transmitted to Chic.  The Statement set forth a listing of each invoice, the date of each invoice, the amount of each invoice, the unpaid balance due on each invoice and the total amount due and owing from Chic to Prompt as at February 1, 2023.

24.     The invoices set forth in the Statement included charges for storage at the rate of $0.43 per cubic foot.

25.     Upon information and belief Chic disputes the rate of $0.43 per cubic foot.

26.     Upon information and belief Chic contends that should be charged for storage the rate of $0.29 per cubic foot.

28.     The aforesaid Statement sent to Chic on February 1, 2023 sets forth the balance to on each invoice calculated at the rate of $0.29 per square foot without prejudice to the right of Prompt to invoice, charge, collect and receive the full price for storage calculated at the rate of $0.43 per square foot..

29.     Prompt wrestling offered Chic the opportunity to make payment on all of the aforesaid invoices with storage calculated the rate of $0.29 without prejudice to the right of Prompt to recover the full balance of those invoices with the storage calculated at the rate of $0.43 per square foot and without prejudice to the right of Chic to contend that the only rate that it should be charged for storage was at the rate of $0.43 per square foot.

30.     Notwithstanding the foregoing, Chic has failed to make payment of the outstanding charges for storage, labor and materials and is in default in its obligations of payment to Prompt.

31.     Chic is in default in payment of the undisputed portion of the invoices which were due and payable through February 1, 2024 in the amount of $272,688.47.

4

32.     Chic is in default in paying the invoices which were due and payable through February 1, 2024 in the amount of $430,746.54.

33.     The goods and merchandise of Chic and/or Defendant YX1 Logistics LLC remain in the warehouse

34.     Additional charges for storage and possibly for labor and materials continued to accrue in favor of prompt and against Chic and Defendant YX1 Logistics LLC

35.     Prompt has fully performed all of the obligations which it undertook to perform under the Agreement.

36.     Notwithstanding due demand, no portion of the undisputed amount of $272,688.47 has been paid by Chic and/or Defendant YX1 Logistics LLC to Prompt.

37.     Notwithstanding due demand, no portion of the invoices aggregating $430.746.54 have been paid by Chic and/or Defendant YX1 Logistics LLC to Prompt.

38.     Prompt has been damaged in the sum of $272,688.47.

39.     Prompt has been damaged in the sum of $430,746.54.

40.     Prompt will continue to be damaged in such amounts as may be proven upon the trial of this action as long as the goods and merchandise of Chic and/or Defendant YX1 Logistics LLC remain in Prompt's warehouse.

AS AND FOR A SECOND CAUSE OF ACTION
(Unjust Enrichment)

41.     Prompt repeats and realleges each of the allegations set forth in Paragraphs "1" to "40" of this Verified Complaint with the same force and effect as if set forth at length herein.

42.     Chic has utilized the warehouse services of Prompt and has failed to pay the cost thereof.

43.     Chic has been unjustly enriched in the amount of $272,688.47 in that Chic has been utilizing the warehouse services of Prompt and failing to pay the cost thereof.

44.     Chic has been unjustly enriched in the amount of $430,736.54. in that Chic has been utilizing the warehouse services and facilities of Prompt and fails to pay the cost thereof.

45.     Chic will continue to be unjustly enriched to the extent that it continues to utilize the warehouse services and facilities of Prompt and fails to pay the cost thereof.

46.     Prompt has been damaged in the sum of $272,688.47.

47.     Prompt has been damaged in the sum of $430,756.54.

48.     Prompt will continue to be damaged in such amounts as may be proven upon the trial of this action as long as the goods and merchandise of Chic and/or Defendant YX1 Logistics LLC remain in Prompt's warehouse.

.                        AS AND FOR A THIRD CAUSE OF ACTION
                         (Reasonable Value of the Warehousing Services)

49.     Prompt repeats and realleges each of the allegations set forth in Paragraphs "1" to "48" of this Verified Complaint with the same force and effect as if set forth at length herein.

50.     The reasonable value of the warehousing services provided by Prompt and utilized by Chic and not paid for is $430,688.54.

51.     Chic is further liable to Prompt for the reasonable value of the warehousing services being provided by Prompt to Chic so long as any of the goods and merchandise of Chic remain in Prompt's warehouse.

52.     Prompt has been damaged in the sum of $430,756.54 or such greater amount as may be proven upon the trial of this action.


AS AND FOR A FOURTH CAUSE OF ACTION
(Declaratory Judgment)

53.     Prompt repeats and realleges each of the allegations set forth in Paragraphs "1" to "25" of this Verified Complaint with the same force and effect as if set forth at length herein.

54.     Upon information and belief Chic contends that the termination of the Agreement by Prompt was ineffective and accordingly the Agreement continues in full force and effect.

6

55.     Upon information and belief Chic contends that its only obligation to pay for warehousing services is to pay for warehousing services at the charges which were in effect immediately prior to the time that Prompt served the Notice of Termination of Warehousing Agreement upon Chic.

56.     Upon information and belief Chic disputes the claim of Prompt that the Agreement was terminated by Prompt effective October 31, 2023.

57.     Upon information and belief Chic disputes the claim of Prompt that for warehousing services incurred on or after November 1, 2023, Chicmust pay for those services at the current rates of Promp as in effect from time to time which includes a charge of $0.43 per cubic foot for storage.

58.     By virtue of the termination of the Agreement Chic is a holdover occupant of the warehouse and is subject to payment for its use and occupancy of warehouse at holdover rates.

59.     Holdover rates for use and occupancy of warehouse space in California is charged at rates which are 150% to 200% of the rates which in effect just prior to the commencement of the period of holdover.

60.     A justiciable dispute exists between Prompt and Chic.

59.     Prompt does not have an adequate remedy at law.

60.     Prompt is entitled to a declaratory judgment determining that Prompt terminated the Agreement effective as of October 31, 2023 and that for warehousing services incurred on or after November 1, 2023, Chic must pay for those services at the election of Prompt either at the current rates of Prompt as in effect from time to time which includes a charge of $0.43 per cubic foot for storage or the holdover rates for such storage..

61.     In the event that the Defendant(s) are willing to have all of the issues set forth in this First Amended Verified Complaint resolved in a established and recognized Bais Din (Rabbinical Court) mutually agreeable to the Plaintiff and the Defendant(s), and if within 7 days of the filing of this First Amended Verified Complaint upon the Defendants, the Defendant(s) sign an unqualified Agreement to Arbitrate Disputes before such a Rabbinical Court, then in such event the Plaintiff will

7

cease further prosecution of this lawsuit before this Court; however, this lawsuit will remain as an active lawsuit in this Court for all purposes of the arbitration before the Rabbinical Court including without limitation the confirmation of the P'sak Din (Arbitration Award) issued by the Rabbinical Court.

DESIGNATION OF TRIAL COUNSEL

62.     Avrom R. Vann, Esquire is hereby designated as the trial attorney for this case.

WHEREFORE, Prompt demands judgment as follows:

1.      On the First Cause of Action in this First Amended Verified Complaint a money judgment in favor of Prompt Apparel LA, Inc and against Defendants, CHIC HOME DESIGN LLC and Defendant YX1 Logistics LLC, jointly and severally, in the amount of $ $272,688.47 or $430,746.4 or such greater amonnt as may be proven upon the trial of this action.

2.      On the Second Cause of Action in this First Amended Verified Complaint a money judgment in favor of Prompt Apparel LA, Inc and against Defendant, CHIC HOME DESIGN LLC, and Defendant YX1 Logistics LLC, jointly and severally, in the amount of $ $272,688.47 or $430,746.4 or such greater amonnt as may be proven upon the trial of this action.

3.      On the Third Cause of Action in this First Amended Verified Complaint a money judgment in favor of Prompt Apparel LA, Inc and against Defendant, CHIC HOME DESIGN LLC, and Defendant YX1 Logistics LLC, jointly and severally, in the amount of $ $272,688.47 or $430,746.4 or such greater amonnt as may be proven upon the trial of this action.

4.      On the Fourth Cause of Action in this First Amended Verified Complaint declaratory judgment determining that Prompt Apparel LA, Inc. terminated the Agreement effective as of October 31, 2023 and that for warehousing services incurred on or after November 1, 2023, Defendant, Chic Home Design LLC and Defendant, YX1 Logistics LLC, must jointly and severally pay for those

services at the election of Prompt either at the current rates of Prompt as in effect from time to time which includes a charge of $0.43 per cubic foot for storage or the holdover rates for such storage.. must pay for those services at the current rates of Prompt as in effect from time to time which includes a charge of $0.43 per cubic foot for storage.

5.      With interest at the New York statutory rate of interest from December 4, 2023 to the date of the entry of Judgment herein.

6.      Together with reasonable attorneys fees, the costs and disbursements of this action, and containing such other and further relief in favor of Prompt as this Court may deem just and proper.

Dated:  February 2, 2024

                                        AVROM R. VANN, P.C.
                                        Attorney for Plaintiff,
                                             PROMPT APPAREL LA INC.

                                        By:_____
                                             Avrom R. Vann, Esquire
                                        Office and Post Office Address
                                        420 Lexington Avenue - Suite 2400
                                        New York, New York 10170
                                        (212) 382-1700

VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK

AVROM R. VANN, an attorney at law duly admitted to practice in the Courts of this State, hereby states under the penalties of perjury that I am the attorney of record for the Plaintiff herein; I have read the foregoing First Amended Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by Plaintiff is because the Plaintiff does not reside in New York County in which I maintain my office. The grounds of my belief as to all matters not stated upon my own knowledge are review of records and conversations with the Plaintiff and others.

Dated:  New York, New York
        February 2, 2024

_____
Avrom R. Vann

10

# EXHIBIT E

| | |
|---|---|
| **From:** | Mark Nasiri |
| **To:** | Jonathan Ozarow |
| **Subject:** | Fwd: pod |
| **Date:** | Thursday, February 8, 2024 2:02:41 PM |
| **Attachments:** | image001.png |
| | image002.jpg |
| | image003.png |
| | image004.jpg |
| | image005.png |
| | Feb 8 2024 $272,744.25.pdf |

CAUTION: This email originated from outside of Clark Guldin. Do not click links or open attachments unless you recognize the sender and know the content is safe.

██████████████████████████████████

---------- Forwarded message ---------
From: **Mark Nasiri** <mark@chichome.com>
Date: Thu, Feb 8, 2024 at 2:00 PM
Subject: Re: pod
To: Isaac Friedman <Isaac@promptnj.com>
Cc: Arturo Aspera <arturo@chichome.com>, Chaim Reisz <chaim@promptnj.com>, Ribaldo Lopez <ribaldo@promptla.com>, Sunny Nasiri <sunny@chichome.com>, jack Chalouh <Jack@luxurybeddingco.com>, Victor Chalouh <victor@luxurybeddingco.com>, Steven Zimbler <steve@luxurybeddingco.com>, David Ovitz <david@chichome.com>


Isaac
attached is the copy of the payment our attorney agreed to pay. I advise you to resume shipping immediately to avoid further damages as agreed.


On Wed, Feb 7, 2024 at 5:06 PM Isaac Friedman <Isaac@promptnj.com> wrote:
> Mark,
>
> Prompt has never refused Chic's request to pay the undisputed amounts while we continue to negotiate the balance or have the balance determined by the Court. Prompt has shown a willingness to move forward and to accommodate Chic. But Chic is not willing to meet half way and is wrongfully withholding payments for past storage and services. You say "under terms that avoid both Chic and Prompt interest of non business disruptions" but Chic has already disrupted Prompt's business by not paying on time, even the undisputed amount. You have no right to withhold payment for past storage and services.  When your customers owe you money you expect it to be paid.  Treat Prompt the same way you expect your customers to treat you.
>
> Prompt did not bring this case before a Court.  Prompt filed but never sent any legal papers to Chic.   Chic on its own moved the case to a Federal Court and caused the case to now be before a Judge.  Everything happening in the Court is only happening because Chic made it happen.

Isaac

Get [Outlook for Android](Outlook for Android)

---

**From:** Mark Nasiri <[mark@chichome.com](mark@chichome.com)>
**Sent:** Wednesday, February 7, 2024 2:34:30 PM
**To:** Isaac Friedman <[Isaac@promptnj.com](Isaac@promptnj.com)>
**Cc:** Arturo Aspera <[arturo@chichome.com](arturo@chichome.com)>; Chaim Reisz <[chaim@promptnj.com](chaim@promptnj.com)>; Ribaldo Lopez <[ribaldo@promptla.com](ribaldo@promptla.com)>; Dalia Ramirez <[Dalia@promptla.com](Dalia@promptla.com)>; Rocio Diaz <[rocio@promptla.com](rocio@promptla.com)>; David Ovitz <[david@chichome.com](david@chichome.com)>; Sunny Nasiri <[sunny@chichome.com](sunny@chichome.com)>; jack Chalouh <[Jack@luxurybeddingco.com](Jack@luxurybeddingco.com)>; Victor Chalouh <[victor@luxurybeddingco.com](victor@luxurybeddingco.com)>; Steven Zimbler <[steve@luxurybeddingco.com](steve@luxurybeddingco.com)>
**Subject:** Re: pod

Fyi Chic has offered a payment over 5 times in the last 10 days under terms that avoid both Chic and Prompt interest of non business disruptions until a resolution would be found since prompt initiated the legal action however it was not accepted by prompt.

On Wed, Feb 7, 2024 at 2:30 PM Isaac Friedman <[Isaac@promptnj.com](Isaac@promptnj.com)> wrote:

> Arturo
>
>
> Prompt would very much like to continue to keep shipping Chic's merchandise just as it always has.  The one thing that needs to be done is that Chic has not made payment to Prompt on bills which are overdue.  In the same way that Chic wants to collect all of the money due to it from its customers and does not want to receive chargebacks, Prompt needs to continue to receive payments from Chic for at least the amounts which are not in dispute which would be on account.  Pay the amounts overdue and then you can call to make an appointment to have the truck make a pickup.
>
>
>
>
> **Thanks**
>
>
>
> **Best Regards,**
>
> *Isaac Friedman*



**PROMPT APPAREL NJ INC.**

673 SOUTH 21'ST STREET IRVINGTON NJ 07111

PHONE: 718-927-2222 #159

 **\*\*CARRIERS PLEASE NOTE\*\***

**Pick up address:** 673 SOUTH 21'ST STREET IRVINGTON NJ 07111

**Shipping hours:** Mon-Thurs 9am-4:30pm (Closed for lunch 12:30-1pm), Friday 9am-1:30pm (Closed for Lunch 12:30am-1pm)

**We are a appointment base facility.** Any missed pickups must be rescheduled/have a confirmed ETA, in advance, to help avoid any issues/delays with the load getting picked up.

**\* A minimum of 24HR notice is required prior to confirmed ship date\***

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Wednesday, February 7, 2024 1:55 PM
**To:** Mark Nasiri <mark@chichome.com>; Chaim Reisz <chaim@promptnj.com>; Isaac Friedman <Isaac@promptnj.com>
**Cc:** Ribaldo Lopez <ribaldo@promptla.com>; Dalia Ramirez <Dalia@promptla.com>; Rocio Diaz <rocio@promptla.com>; David Ovitz <david@chichome.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <Jack@luxurybeddingco.com>; Victor Chalouh <victor@luxurybeddingco.com>; Steven Zimbler <steve@luxurybeddingco.com>
**Subject:** Re: pod

Hello Chaim and Sir Isaac,

Good afternoon.

I am reaching out to urgently address the pending **wholesale orders for Truck No.4 and 5.** It is imperative that we prioritize their completion and shipment at the earliest possible time. This is already pending for 3 weeks now and our delay in fulfilling these orders is resulting in chargebacks on a daily basis for as much as 300K plus.  This not only poses a significant financial risk but it will also jeopardize our relationship with our valued merchants and direct customers.

Given the critical nature of this situation, we kindly request if you can allow the process of these orders and dispatch it.  Your approval is very crucial in averting any disruptions to our  operations and maining the trust and reliability we establish with our customers.

Your response to this matter would be greatly appreciated. Please let us know the best course of action to expedite the completion and shipment process.

Thank you so much.

Sincerely,



ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Wed, Feb 7, 2024 at 11:00 AM Arturo Aspera <arturo@chichome.com> wrote:

> Ribaldo,

> Which New York office are you referring to? Please send me the contact details so we can arrange an appointment and contact them.

> Thank you.



> ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

> 275 Madison Avenue, 4th Floor

> New York, NY 10016

> arturo@luxurybeddingco.com

> CHIC HOME DESIGNS LLC

On Wed, Feb 7, 2024 at 10:57 AM Mark Nasiri <mark@chichome.com> wrote:

Arturo

Find out what this NY office is about to request appointment


On Wed, Feb 7, 2024 at 10:48 AM Ribaldo Lopez <ribaldo@promptla.com> wrote:

Arturo,



As previously advise we are an appointment facility only, to set up Appointment Chic must contact New York office to set up appointment.







**Prompt Will Be Closed On Below Dates**





**Best Regards,**

**Ribaldo Lopez**

**General Manager**

**Phone** (714) 676-2021

**Prompt LA**

**4060 E. Francis St.**

**Ontario, Ca 91761  Suite 200**



**2023 Holiday Schedule**

Christmas 25th

New year Jan 1st

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Wednesday, February 7, 2024 7:29 AM

**To:** Ribaldo Lopez <ribaldo@promptla.com>
**Cc:** Mark Nasiri <mark@chichome.com>; Dalia Ramirez <Dalia@promptla.com>; Rocio Diaz <rocio@promptla.com>; David Ovitz <david@chichome.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <Jack@luxurybeddingco.com>
**Subject:** Re: pod

Hello Ribaldo,

Good morning.

Can I send the truck today for loading?

Thank you.



ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Tue, Feb 6, 2024 at 4:15 PM Arturo Aspera <arturo@chichome.com> wrote:

Hello Ribaldo can we load the truck for Baze carrier?

Thanks



ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Tue, Feb 6, 2024 at 3:37 PM Arturo Aspera <arturo@chichome.com> wrote:

Ribaldo can we just load the items for Baze carrier now and I will schedule another truck for tomorrow?

ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Tue, Feb 6, 2024 at 3:16 PM Ribaldo Lopez <ribaldo@promptla.com> wrote:

> Arturo,
>
>
>
> We have BAZE Trucking trying to pick up with out any appointment set for today, please be advise per Prompt Policy we are an appointment facility only, to set up any pickup appointment at Prompt Warehouse Chic Homes Must contact our New York office. Thanks

**Prompt Will Be Closed On Below Dates**

Best Regards,

Ribaldo Lopez

General Manager

**Phone** (714) 676-2021

Prompt LA

4060 E. Francis St.

Ontario, Ca 91761  Suite 200

## **2023 Holiday Schedule**

Christmas 25th

New year Jan 1st

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Tuesday, February 6, 2024 11:50 AM
**To:** Mark Nasiri <mark@chichome.com>
**Cc:** Ribaldo Lopez <ribaldo@promptla.com>; Dalia Ramirez <Dalia@promptla.com>; Rocio Diaz <rocio@promptla.com>; David Ovitz <david@chichome.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <Jack@luxurybeddingco.com>
**Subject:** Re: pod

Hello Ribaldo,

Truck no. 4 is already there in your warehouse under BAZE Inc. Please start loading the items.

I am sending another truck tomorrow on or before 12NN.

Thank you.

ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Mon, Feb 5, 2024 at 2:29 PM Mark Nasiri <mark@chichome.com> wrote:

> Ronaldo
>
> Trucks will show up regardless and it's at your discretion to either turn them away or to load. These losses won't go without pursuit.
>
> Mark N.
>
> Chic Home

---

**From:** Ribaldo Lopez <ribaldo@promptla.com>

**Sent:** Monday, February 5, 2024 2:12:33 PM
**To:** Dalia Ramirez <Dalia@promptla.com>; Arturo Aspera
<arturo@chichome.com>; Rocio Diaz <rocio@promptla.com>
**Cc:** David Ovitz <david@chichome.com>; Mark Nasiri
<mark@chichome.com>; Sunny Nasiri <sunny@chichome.com>; jack
Chalouh <Jack@luxurybeddingco.com>
**Subject:** Re: pod


Arturo,


I understand order is 2 weeks old you never instructed ship date truck was
sent to prompt with no appointment i been working with you to avoid any
penalties from your customer, load is sitting on my dock ready to go....
At this point i have been instructed to advise Chick to communicate with
our NY office before loading.




Get Outlook for iOS

---

**From:** Dalia Ramirez <Dalia@promptla.com>
**Sent:** Monday, February 5, 2024 11:05:08 AM
**To:** Arturo Aspera <arturo@chichome.com>; Rocio Diaz
<rocio@promptla.com>
**Cc:** David Ovitz <david@chichome.com>; Mark Nasiri
<mark@chichome.com>; Ribaldo Lopez <ribaldo@promptla.com>;
Sunny Nasiri <sunny@chichome.com>; jack Chalouh
<Jack@luxurybeddingco.com>
**Subject:** RE: pod


Sorry Arturo,


I have instructions you need to communicate with NY Office before
releasing, Order is ready to go.

**Best regards,**

DALIA RAMIREZ

CUSTOMER SERVICE REPRESENTATIVE.



714-676-2021 EXT-114

**Pick up address:** 4060 E Francis St, Suite 200, Ontario, CA 91761

 **\*\*CARRIERS  PLEASE  NOTE\*\***

<mark>Shipping hours:</mark> Mon-Thurs 9am-2:30pm, Friday 9am-1pm (Closed for Lunch 10:30-11am)

**\* A minimum of 24HR notice is required prior to confirmed ship date\***

<u>We are a by appointment facility.</u> Any missed pickups must be rescheduled/have a confirmed ETA, in advance, to help avoid any issues/delays with the load getting picked up.

April 23,24,29,30 Passover

May 27th – Memorial Day

June 12,13 Shavuot

July 4th

September 2nd – Labor Day

October 3,4, Rosh Hashanah

October 17,18,24,25 sukkot

November 28th & 29th - Thanksgiving Thursday & Friday

December 25th – Christmas

January 1st – New Year

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Monday, February 5, 2024 10:58 AM
**To:** Rocio Diaz <rocio@promptla.com>
**Cc:** Dalia Ramirez <Dalia@promptla.com>; David Ovitz <david@chichome.com>; Mark Nasiri <mark@chichome.com>; Ribaldo Lopez <ribaldo@promptla.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <Jack@luxurybeddingco.com>
**Subject:** Re: pod

Hi Ribaldo/Rocio,

 This order is 2 weeks old, and it must ship out or we will incur chargebacks of up to 300K from our customer, and we will charge it back to your warehouse if we cannot ship these orders asap.

Thank you so much.



**ARTURO ASPERA I Logistics LTL and B2B Compliance Manager**

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Mon, Feb 5, 2024 at 1:05 PM Rocio Diaz <rocio@promptla.com> wrote:

> Hi Arturo
>
> Shipment is on hold, please contact New York Office
>
> Thank you!

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Monday, February 5, 2024 7:44 AM
**To:** Rocio Diaz <rocio@promptla.com>
**Cc:** Dalia Ramirez <Dalia@promptla.com>; David Ovitz <david@chichome.com>; Mark Nasiri <mark@chichome.com>; Ribaldo Lopez <ribaldo@promptla.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <jack@luxurybeddingco.com>
**Subject:** Re: pod

Rocio,

Confirmed truck will be there by 12NN.

Thank you,

ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Mon, Feb 5, 2024 at 10:15 AM Arturo Aspera <arturo@chichome.com> wrote:

> Thank you Rocio. I will update as soon as I get confirmation from the carrier.

ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Mon, Feb 5, 2024 at 10:01 AM Rocio Diaz
<rocio@promptla.com> wrote:

Hi Arturo

Confirmed schedule a truck for Today at 12:00 pm

Thank you!

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Saturday, February 3, 2024 6:55 PM
**To:** Rocio Diaz <rocio@promptla.com>
**Cc:** Dalia Ramirez <Dalia@promptla.com>; David Ovitz
<david@chichome.com>; Mark Nasiri <mark@chichome.com>;
Ribaldo Lopez <ribaldo@promptla.com>; Sunny Nasiri
<sunny@chichome.com>; jack Chalouh
<jack@luxurybeddingco.com>
**Subject:** Re: pod

Thank you Dalia. I will schedule another truck by Monday let me
know how many more needed so I can schedule.

Thanks

ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Fri, Feb 2, 2024 at 5:02 PM Rocio Diaz <rocio@promptla.com> wrote:

> Arturo
>
> Please see attached POD
>
> I will send you the packing for both transfers on Monday
>
> Thank you!

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Thursday, February 1, 2024 4:34 PM
**To:** Dalia Ramirez <Dalia@promptla.com>
**Cc:** David Ovitz <david@chichome.com>; Mark Nasiri <mark@chichome.com>; Ribaldo Lopez <ribaldo@promptla.com>; Rocio Diaz <rocio@promptla.com>; Sunny Nasiri <sunny@chichome.com>; jack Chalouh <jack@luxurybeddingco.com>
**Subject:** Re: pod

Hello Dalia,

Thank you for the update. I will confirm with the carrier for 11am pick up tomorrow. Also you can use the same BOL- just edit the number of boxes for the new load.

Can we also get the summary of items for each of the trailers so we can bill the customer.

Thank you so much.



ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC

On Thu, Feb 1, 2024 at 7:09 PM Dalia Ramirez <Dalia@promptla.com> wrote:

Hello Arturo,

Please be advise will be one load ready for tomorrow @ 11:00 am.

Please send B/L.

**Best regards,**

DALIA RAMIREZ

CUSTOMER SERVICE REPRESENTATIVE.

Prompt

714-676-2021 EXT-114

**Pick up address:** 4060 E Francis St. Suite 200, Ontario, CA 91761

**\*\*CARRIERS  PLEASE  NOTE\*\***

Shipping hours: Mon-Thurs 9am-2:30pm, Friday 9am-1pm (Closed for Lunch 10:30-11am)

**\* A minimum of 24HR notice is required prior to confirmed ship date\***

We are a by appointment facility. Any missed pickups must be rescheduled/have a confirmed ETA, in advance, to help avoid any issues/delays with the load getting picked up.

April 23,24,29,30 Passover

May 27th – Memorial Day

June 12,13 Shavuot

July 4th

September 2nd – Labor Day

October 3,4, Rosh Hashanah

October 17,18,24,25 sukkot

November 28th & 29th - Thanksgiving Thursday & Friday

December 25th – Christmas

January 1st – New Year

---

**From:** Arturo Aspera <arturo@chichome.com>
**Sent:** Thursday, February 1, 2024 1:48 PM
**To:** Dalia Ramirez <Dalia@promptla.com>
**Cc:** Ribaldo Lopez <ribaldo@promptla.com>; Rocio Diaz <rocio@promptla.com>; David Ovitz <david@chichome.com>; jack Chalouh <jack@luxurybeddingco.com>; Sunny Nasiri <sunny@chichome.com>; Mark Nasiri <mark@chichome.com>
**Subject:** Re: pod

Do you have the breakdown of the items?

@Ribaldo Lopez Thank you so much for this and when can we schedule another pick up?

Thank you all.



ARTURO ASPERA I Logistics LTL and B2B Compliance Manager

275 Madison Avenue, 4th Floor

New York, NY 10016

arturo@luxurybeddingco.com

CHIC HOME DESIGNS LLC


On Thu, Feb 1, 2024 at 4:36 PM Dalia Ramirez <Dalia@promptla.com> wrote:

Hello Arturo,


Please see pod attached.


**Best regards,**

DALIA RAMIREZ

CUSTOMER SERVICE REPRESENTATIVE.

Prompt



714-676-2021 EXT-114

**Pick up address:** 4060 E Francis St. Suite 200, Ontario, CA 91761

 **\*\*CARRIERS PLEASE NOTE\*\***

**Shipping hours:** Mon-Thurs 9am-2:30pm, Friday 9am-1pm (Closed for Lunch 10:30-11am)

**\* A minimum of 24HR notice is required prior to confirmed ship date\***

**<u>We are a by appointment facility.</u>** Any missed pickups must be rescheduled/have a confirmed ETA, in advance, to help avoid any issues/delays with the load getting picked up.

April 23,24,29,30 Passover

May 27th – Memorial Day

June 12,13 Shavuot

July 4th

September 2nd – Labor Day

October 3,4, Rosh Hashanah

October 17,18,24,25 sukkot

November 28th & 29th - Thanksgiving Thursday & Friday

December 25th – Christmas

January 1st – New Year

# Wire Transfer

**DWR-01496215 - CHIC HOME DESIGN LLC (3563)**



## Wire Details

| | |
|---|---|
| **Transaction Number** | DWR-01496215 |
| **Recurring Frequency** | One-Time Payment |
| **Amount** | USD 272,744.25 |
| **Debit Account** | *3910 - CHECKING (CHIC HOME DESIGN LLC) - IDBNY (███9768) |
| **Notify Initiator Options** | None Selected |
| **Payment Date** | 02/08/2024 |

## Originator Information

| | |
|---|---|
| **Originator Name** | CHIC HOME DESIGN LLC |
| **Originator Address 1** | 275 MADISON AVENUE, 3RD FLOOR |
| **Originator Address 2** | NEW YORK, NY 10016 US |
| **Originator Address 3** | |

## Beneficiary / Payee Information

| | |
|---|---|
| **Name** | Prompt Apparel LA Inc |
| **Beneficiary ID Type** | Account Number |
| **Beneficiary ID** | ███3295 |
| **Address 1** | |
| **Address 2** | |
| **Address 3** | |
| **Beneficiary Country** | US |
| **Contact Name** | |
| **Phone Number** | |

## Beneficiary Bank Information

| | |
|---|---|
| **Name** | JPMORGAN CHASE BANK, NA |
| **Beneficiary Bank ID Type** | Fed ABA |
| **Beneficiary Bank ID** | ███0021 |
| **Address 1** | |
| **Address 2** | |
| **Address 3** | |
| **Beneficiary Bank Country** | US |

## Additional Reference Information

**Purpose Of Payment**

**Additional Information For Beneficiary**

## Status History

| Timestamp | Status | Initiator | Description |
|---|---|---|---|
| Feb 8, 2024 1:16:51 PM EST | Pending Approval | SYSTEM | Wire Requires Approval(s) Before Release. |
| Feb 8, 2024 1:16:51 PM EST | Created | 3563 / szimbler (Steven Zimbler) | Wire Created. |

# EXHIBIT F

DEMAND FOR PAYMENT AND
NOTICE OF INTENDED AUCTION SALE OF MERCHANDISE

To: Secured Creditors of CHIC HOME DESIGN LLC
     and/or YX1 LOGISTICS LLC

   PLEASE TAKE NOTICE that Prompt Apparel LA Inc. (hereinafter referred to as
"Prompt") is currently owed no less than $1,369,482.33 (hereinafter referred to as the
"Indebtedness") representing its fees and charges for both labor and storage of merchandise (the
"Merchandise") belonging to Chic Home Design LLC ("Chic") and/or YX1 Logistics LLC
("YX1"), or both, in Prompt's warehouse located at 406 E. Francis Street, Suite 200, Ontario, CA
90810 (hereinafter the "Warehouse").

   The Indebtedness arises from warehousing services provided by Prompt to Chic and/or
YX1, or both, at the Warehouse.  Storage of the Merchandise in the Warehouse commenced in or
about November of 1997.  The unpaid charges are for storage of the Merchandise and labor
charges with respect to shipment of the Merchandise from the Warehouse were incurred between
July 15, 2023 and November 1, 2024.  A schedule of each invoice remaining unpaid, whether in
whole or in part, is annexed hereto as Schedule 1 and incorporated herein with same force and
effect as if set forth at length herein.  The merchandise which was stored by Chic and/or YX1, or
both at the Warehouse consists of linens, comforters, and furniture consisting of chairs and
tables, small couches and other miscellaneous items.

   PLEASE TAKE FURTHER NOTICE THAT DEMAND is hereby made by Prompt for
full payment of the Indebtedness which should be paid to Prompt at 673 South 21st Street,
Irvington New Jersey 07111.

   PLEASE TAKE FURTHER NOTICE that if full payment of the Indebtedness is not
received by Prompt on or before the close of business on November 21, 2024, then in accordance
with the provisions of California Commercial Code, Section 7210(a), Prompt will exercise its
rights and will sell all of the Merchandise belonging to Chic and/or YX1 or both, presently in
storage at the Warehouse.  The sale of the Merchandise will take place pursuant to an auction to
be conducted at the Warehouse  located at 406 E. Francis Street, Suite 200, Ontario, CA 90810
and virtually by A.J. Wilner Auctions,91 Hamburg Turnpike, Riverdale, New Jersey 07457 at its
website AJWAuctions.com, such auction to be held on Tuesday, December 10, 2024 and
continuing day to day thereafter until completed.

The terms of sale and the auction catalog, if any, may be requested from the Auctioneer by email at hbyrnes@ajwilner.com.

Dated: November 8 , 2024

PROMPT APPAREL LA, INC.

By: _____

    Herman Friedman,
    President

Exhibit "A"
List of Secured Creditors

Chic Home Design, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

YX1 Logistics, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

IDB Bank
Attention: Jerry Hertzman
1114 Avenue of the Americans
New York, New York 10036

Gary Herwitz, Managing Director
CoMetrics Partners, LLC
1411 Broadway, 8th floor
New York, New York 10018

Hedaya Capital Group, Inc.
Attn: Legal Department
240 W. 35th Street, Suite 305
New York, New York 10001

Merchants Factors Corp.
Attn: Legal Department
1430 Broadway
New York, New York 10018

Bank Leumi
Attn: Legal Department
579 5th Avenue
New York, New York 10017

United States Small Business Administration
Attn: Legal Department
2 North Street - Suite 320
Birmingham, AL 35203

# SCHEDULE 1

## PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
**Tel:  (310) 639-9990**

11/05/2024

| Bill To |
| --- |
| CHIC HOME DESIGN LLC |
| YX1 LOGISTICS LLC |
| 275 Madison Avenue 3rd floor |
| New York, NY 10016 |

# STATEMENT

**11/05/2024**

**Tel:**  212-252-1280       Customer ID:  **CHIC**

**Fax:**                          **Contact Name:**   David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
| --- | --- | --- | --- | --- | --- | --- | --- |
| W  36103 | 07/15/23 | 12,500.00 | | | 479 | 12,500.00 | **12,500.00** |
| S  36642 | 11/01/23 | 145,473.59 | 94,324.21 | | 370 | 51,149.39 | **63,649.39** |
| S  36817 | 12/01/23 | 136,481.23 | 92,103.78 | | 340 | 44,377.45 | **108,026.84** |
| S  36818 | 12/01/23 | 11,142.55 | 7,893.33 | | 340 | 3,249.22 | **111,276.06** |
| S  36931 | 01/01/24 | 131,953.75 | 88,937.36 | | 309 | 43,016.39 | **154,292.45** |
| S  36932 | 01/01/24 | 11,562.54 | 7,796.92 | | 309 | 3,765.62 | **158,058.07** |
| S  37116 | 02/01/24 | 126,527.86 | 85,285.75 | | 278 | 41,242.11 | **199,300.18** |
| S  37117 | 02/01/24 | 11,215.10 | 7,562.69 | | 278 | 3,652.41 | **202,952.59** |
| W  37207 | 02/19/24 | 449.64 | | | 260 | 449.64 | **203,402.23** |
| F  37210 | 02/29/24 | 18,878.55 | | | 250 | 18,878.55 | **222,280.78** |
| F  37211 | 02/29/24 | 399.00 | | | 250 | 399.00 | **222,679.78** |
| S  37220 | 03/01/24 | 120,696.52 | | | 249 | 120,696.52 | **343,376.30** |
| S  37221 | 03/01/24 | 10,488.35 | | | 249 | 10,488.35 | **353,864.65** |
| F  37350 | 03/31/24 | 12,425.05 | | | 219 | 12,425.05 | **366,289.70** |
| F  37351 | 03/31/24 | 386.60 | | | 219 | 386.60 | **366,676.30** |
| S  37402 | 04/01/24 | 115,539.63 | | | 218 | 115,539.63 | **482,215.93** |
| S  37403 | 04/01/24 | 10,327.99 | | | 218 | 10,327.99 | **492,543.92** |
| F  37580 | 04/30/24 | 6,268.50 | | | 189 | 6,268.50 | **498,812.42** |
| F  37581 | 04/30/24 | 663.00 | | | 189 | 663.00 | **499,475.42** |
| S  37582 | 05/01/24 | 114,322.59 | | | 188 | 114,322.59 | **613,798.01** |
| S  37583 | 05/01/24 | 10,103.74 | | | 188 | 10,103.74 | **623,901.75** |
| F  37694 | 05/31/24 | 5,090.90 | | | 158 | 5,090.90 | **628,992.65** |
| F  37695 | 05/31/24 | 430.00 | | | 158 | 430.00 | **629,422.65** |
| S  37698 | 06/01/24 | 9,957.32 | | | 157 | 9,957.32 | **639,379.97** |
| S  37704 | 06/01/24 | 113,387.59 | | | 157 | 113,387.59 | **752,767.56** |
| S  37884 | 07/01/24 | 113,387.59 | | | 127 | 113,387.59 | **866,155.15** |
| S  37885 | 07/01/24 | 9,957.32 | | | 127 | 9,957.32 | **876,112.47** |
| S  38030 | 08/01/24 | 113,387.59 | | | 96 | 113,387.59 | **989,500.06** |
| S  38031 | 08/01/24 | 9,957.32 | | | 96 | 9,957.32 | **999,457.38** |
| S  38142 | 09/01/24 | 113,387.59 | | | 65 | 113,387.59 | **1,112,844.97** |

# PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
   **Tel:  (310) 639-9990**

11/05/2024

| **Bill To** |
|---|
| CHIC HOME DESIGN LLC |
| YX1 LOGISTICS LLC |
| 275 Madison Avenue 3rd floor |
| New York, NY 10016 |

# STATEMENT

## 11/05/2024

**Tel:**  212-252-1280    Customer ID:  **CHIC**
**Fax:**             Contact Name:  David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
|---|---|---|---|---|---|---|---|
| S  38143 | 09/01/24 | 9,957.32 | | | 65 | 9,957.32 | **1,122,802.29** |
| S  38278 | 10/01/24 | 113,382.70 | | | 35 | 113,382.70 | **1,236,184.99** |
| S  38279 | 10/01/24 | 9,957.32 | | | 35 | 9,957.32 | **1,246,142.31** |
| S  38470 | 11/01/24 | 113,382.70 | | | 4 | 113,382.70 | **1,359,525.01** |
| S  38471 | 11/01/24 | 9,957.32 | | | 4 | 9,957.32 | **1,369,482.33** |

**Unapplied Payments:**

| Description | Date | Check No. | Amount | Payments | Balance |
|---|---|---|---|---|---|
| U/A PAYMENT | 04/15/22 | 1048405615 | 0.20 | | 0.20 |
| U/A PAYMENT | 02/08/24 | 0753521039 | 55.78 | | 55.78 |
| U/A PAYMENT | 04/30/18 | 3927 | 0.45 | | 0.45 |
| | | | | **Total:** | **56.43** |

| 1-30 Days | 30-60 Days | 60-90 Days | 90-120 Days | Over 120 Days | Grand Total |
|---|---|---|---|---|---|
| 123,340.02 | 123,340.02 | 123,344.91 | 123,344.91 | 876,112.47 | 1,369,482.33 |

Please examine this statement at once. If no error is reported in 14 days, the account will be considered correct.

# EXHIBIT G



**jozarow@clarkguldin.com**
*Reply to:  MONTCLAIR*
*Direct Dial:  (973) 604-3200*
*Direct Fax: (973) 604-3201*

November 18, 2024

Via E-mail (hbyrnes@ajwillner.com) and Regular Mail

AJ Willner Auctions
91 Hamburg Turnpike
Riverdale, New Jersey 07457

Re:     **Prompt Apparel LA, Inc.**
         **406 East Francis Street, Suite 200, Ontario, CA 90810 ("Warehouse")**

Dear Mr. Byrnes:

This firm represents Chic Home Design LLC ("Chic") and YX1 Logistics LLC (collectively, the "Businesses").  I write further to a certain Demand for Payment and Notice of Intended Auction Sale of Merchandise (the "Notice") issued by Prompt Apparel LA, Inc. ("Prompt"), a copy of which is enclosed for your convenience.  Please be advised that Prompt has no right to auction Chic's merchandise (the "Merchandise")[1], in which Israel Discount Bank of New York ("IDB") has superior interest.  Please be further advised that Chic will avail itself of all appropriate legal relief against Prompt, as well as AJ Willner Auctions ("AWA").

As an initial matter, as evidenced via publicly available UCC Financing Statements (a copy of which is enclosed for your convenience), IDB has a secured interest in Chic's

_____

[1] Prompt's Notice inaccurately recites the Merchandise belongs to "Chic [] and/or YX1 Logistics LLC, or both" and the purported debt is for services "provided by Prompt to Chic and/or YX1, or both".  Beyond being incorrect, the fact that Prompt is unable to identify the party (i) to whom or the Merchandise belongs to or (ii) with whom Prompt contracted is, on its face, highly suspicious.  As a matter of law, a "party who fails to make an inquiry, reasonably required by the circumstances of the transaction, so as to remain ignorant of facts that might disclose a defect cannot claim to be a holder in due course." *Triffin v. Pomerantz Staffing Servs., LLC*, 370 N.J. Super. 301, 309 (App. Div. 2004).

AJ Willner Auctions                                          November 18, 2024
Page 2

Merchandise.  Accordingly, Prompt has no right to make the Merchandise available for auction.

Moreover, there is no debt due Prompt.  In or about December 2023, Prompt commenced an action against the Businesses seeking, among other things, a declaration as to Prompt's rights under a certain warehouse agreement.  Prompt's claims are vehemently disputed and remains subject to an ongoing lawsuit.

Prompt's decision to schedule an auction now rather than await a determination from the Court is not the action of a party confident that it will prevail in its action.  To the contrary, there are rumors that Prompt is likely to cease business operations in the near future.  To the extent these rumors prove true, the logical inference is that Prompt now seeks to auction the Merchandise before making itself judgement proof so that any future judgment will be a pyrrhic victory.[2]

Given the foregoing, AWA should proceed with any auction at its own peril. Demand is made that AWA confirm, no later than November 25, 2024, that it will not proceed with any auction. Should AWA decide to undertake an auction of Chic's Merchandise, Chic and/or any other interested party will look to AWA, in addition to Prompt and its principals, to recover its damages.  Please be guided accordingly.

All rights reserved.

Sincerely,

Jonathan A. Ozarow

Encl.

---

[2] During the course of this lawsuit, the parties engaged in settlement discussions wherein parties with secured interest in the Merchandise would take possession of the Merchandise and sell same, with Prompt receiving a substantial portion of the proceeds. Such a course of action would undoubtedly yield more money to Prompt than the current course of action that Prompt now intends to take.  AWA can draw its own conclusions as to the course of conduct that Prompt now charts.

AJ Willner Auctions                                      November 18, 2024
Page 3


cc:     Avrom Vann, Esq. (via email)
        Oliver Rocos, Esq. (via email)
        Jonathan N. Helfat, Esq. (via email)

## DEMAND FOR PAYMENT AND
## NOTICE OF INTENDED AUCTION SALE OF MERCHANDISE

To: Secured Creditors of CHIC HOME DESIGN LLC
and/or YX1 LOGISTICS LLC

PLEASE TAKE NOTICE that Prompt Apparel LA Inc. (hereinafter referred to as "Prompt") is currently owed no less than $1,369,482.33 (hereinafter referred to as the "Indebtedness") representing its fees and charges for both labor and storage of merchandise (the "Merchandise") belonging to Chic Home Design LLC ("Chic") and/or YX1 Logistics LLC ("YX1"), or both, in Prompt's warehouse located at 406 E. Francis Street, Suite 200, Ontario, CA 90810 (hereinafter the "Warehouse").

The Indebtedness arises from warehousing services provided by Prompt to Chic and/or YX1, or both, at the Warehouse. Storage of the Merchandise in the Warehouse commenced in or about November of 1997. The unpaid charges are for storage of the Merchandise and labor charges with respect to shipment of the Merchandise from the Warehouse were incurred between July 15, 2023 and November 1, 2024. A schedule of each invoice remaining unpaid, whether in whole or in part, is annexed hereto as Schedule 1 and incorporated herein with same force and effect as if set forth at length herein. The merchandise which was stored by Chic and/or YX1, or both at the Warehouse consists of linens, comforters, and furniture consisting of chairs and tables, small couches and other miscellaneous items.

PLEASE TAKE FURTHER NOTICE THAT DEMAND is hereby made by Prompt for full payment of the Indebtedness which should be paid to Prompt at 673 South 21st Street, Irvington New Jersey 07111.

PLEASE TAKE FURTHER NOTICE that if full payment of the Indebtedness is not received by Prompt on or before the close of business on November 21, 2024, then in accordance with the provisions of California Commercial Code, Section 7210(a), Prompt will exercise its rights and will sell all of the Merchandise belonging to Chic and/or YX1 or both, presently in storage at the Warehouse. The sale of the Merchandise will take place pursuant to an auction to be conducted at the Warehouse located at 406 E. Francis Street, Suite 200, Ontario, CA 90810 and virtually by A.J. Wilner Auctions,91 Hamburg Turnpike, Riverdale, New Jersey 07457 at its website AJWAuctions.com, such auction to be held on Tuesday, December 10, 2024 and continuing day to day thereafter until completed.

The terms of sale and the auction catalog, if any, may be requested from the Auctioneer by email at hbyrnes@ajwilner.com.

Dated: November 8 , 2024

PROMPT APPAREL LA, INC.

By: _____

Herman Friedman,
President

Exhibit "A"
List of Secured Creditors

Chic Home Design, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

YX1 Logistics, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

IDB Bank
Attention: Jerry Hertzman
1114 Avenue of the Americans
New York, New York 10036

Gary Herwitz, Managing Director
CoMetrics Partners, LLC
1411 Broadway, 8th floor
New York, New York 10018

Hedaya Capital Group, Inc.
Attn: Legal Department
240 W. 35th Street, Suite 305
New York, New York 10001

Merchants Factors Corp.
Attn: Legal Department
1430 Broadway
New York, New York 10018

Bank Leumi
Attn: Legal Department
579 5th Avenue
New York, New York 10017

United States Small Business Administration
Attn: Legal Department
2 North Street - Suite 320
Birmingham, AL 35203

# SCHEDULE 1

## PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
**Tel:  (310) 639-9990**

11/05/2024

| Bill To |
| --- |
| CHIC HOME DESIGN LLC |
| YX1 LOGISTICS LLC |
| 275 Madison Avenue 3rd floor |
| New York, NY 10016 |

# STATEMENT

**11/05/2024**

**Tel:**  212-252-1280          Customer ID:  **CHIC**

**Fax:**                          **Contact Name:**  David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
| --- | --- | --- | --- | --- | --- | --- | --- |
| W  36103 | 07/15/23 | 12,500.00 | | | 479 | 12,500.00 | **12,500.00** |
| S  36642 | 11/01/23 | 145,473.59 | 94,324.21 | | 370 | 51,149.39 | **63,649.39** |
| S  36817 | 12/01/23 | 136,481.23 | 92,103.78 | | 340 | 44,377.45 | **108,026.84** |
| S  36818 | 12/01/23 | 11,142.55 | 7,893.33 | | 340 | 3,249.22 | **111,276.06** |
| S  36931 | 01/01/24 | 131,953.75 | 88,937.36 | | 309 | 43,016.39 | **154,292.45** |
| S  36932 | 01/01/24 | 11,562.54 | 7,796.92 | | 309 | 3,765.62 | **158,058.07** |
| S  37116 | 02/01/24 | 126,527.86 | 85,285.75 | | 278 | 41,242.11 | **199,300.18** |
| S  37117 | 02/01/24 | 11,215.10 | 7,562.69 | | 278 | 3,652.41 | **202,952.59** |
| W  37207 | 02/19/24 | 449.64 | | | 260 | 449.64 | **203,402.23** |
| F  37210 | 02/29/24 | 18,878.55 | | | 250 | 18,878.55 | **222,280.78** |
| F  37211 | 02/29/24 | 399.00 | | | 250 | 399.00 | **222,679.78** |
| S  37220 | 03/01/24 | 120,696.52 | | | 249 | 120,696.52 | **343,376.30** |
| S  37221 | 03/01/24 | 10,488.35 | | | 249 | 10,488.35 | **353,864.65** |
| F  37350 | 03/31/24 | 12,425.05 | | | 219 | 12,425.05 | **366,289.70** |
| F  37351 | 03/31/24 | 386.60 | | | 219 | 386.60 | **366,676.30** |
| S  37402 | 04/01/24 | 115,539.63 | | | 218 | 115,539.63 | **482,215.93** |
| S  37403 | 04/01/24 | 10,327.99 | | | 218 | 10,327.99 | **492,543.92** |
| F  37580 | 04/30/24 | 6,268.50 | | | 189 | 6,268.50 | **498,812.42** |
| F  37581 | 04/30/24 | 663.00 | | | 189 | 663.00 | **499,475.42** |
| S  37582 | 05/01/24 | 114,322.59 | | | 188 | 114,322.59 | **613,798.01** |
| S  37583 | 05/01/24 | 10,103.74 | | | 188 | 10,103.74 | **623,901.75** |
| F  37694 | 05/31/24 | 5,090.90 | | | 158 | 5,090.90 | **628,992.65** |
| F  37695 | 05/31/24 | 430.00 | | | 158 | 430.00 | **629,422.65** |
| S  37698 | 06/01/24 | 9,957.32 | | | 157 | 9,957.32 | **639,379.97** |
| S  37704 | 06/01/24 | 113,387.59 | | | 157 | 113,387.59 | **752,767.56** |
| S  37884 | 07/01/24 | 113,387.59 | | | 127 | 113,387.59 | **866,155.15** |
| S  37885 | 07/01/24 | 9,957.32 | | | 127 | 9,957.32 | **876,112.47** |
| S  38030 | 08/01/24 | 113,387.59 | | | 96 | 113,387.59 | **989,500.06** |
| S  38031 | 08/01/24 | 9,957.32 | | | 96 | 9,957.32 | **999,457.38** |
| S  38142 | 09/01/24 | 113,387.59 | | | 65 | 113,387.59 | **1,112,844.97** |

## PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
**Tel:  (310) 639-9990**

11/05/2024

| Bill To |
|---|
| CHIC HOME DESIGN LLC |
| YX1 LOGISTICS LLC |
| 275 Madison Avenue 3rd floor |
| New York, NY 10016 |

# STATEMENT

**11/05/2024**

**Tel:**  212-252-1280          Customer ID:  **CHIC**

**Fax:**                                Contact Name:  David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
|---|---|---|---|---|---|---|---|
| S  38143 | 09/01/24 | 9,957.32 | | | 65 | 9,957.32 | **1,122,802.29** |
| S  38278 | 10/01/24 | 113,382.70 | | | 35 | 113,382.70 | **1,236,184.99** |
| S  38279 | 10/01/24 | 9,957.32 | | | 35 | 9,957.32 | **1,246,142.31** |
| S  38470 | 11/01/24 | 113,382.70 | | | 4 | 113,382.70 | **1,359,525.01** |
| S  38471 | 11/01/24 | 9,957.32 | | | 4 | 9,957.32 | **1,369,482.33** |

**Unapplied Payments:**

| Description | Date | Check No. | Amount | Payments | Balance |
|---|---|---|---|---|---|
| U/A PAYMENT | 04/15/22 | 1048405615 | 0.20 | | 0.20 |
| U/A PAYMENT | 02/08/24 | 0753521039 | 55.78 | | 55.78 |
| U/A PAYMENT | 04/30/18 | 3927 | 0.45 | | 0.45 |
| | | | | **Total:** | **56.43** |

| 1-30 Days | 30-60 Days | 60-90 Days | 90-120 Days | Over 120 Days | Grand Total |
|---|---|---|---|---|---|
| 123,340.02 | 123,340.02 | 123,344.91 | 123,344.91 | 876,112.47 | 1,369,482.33 |

Please examine this statement at once. If no error is reported in 14 days, the account will be considered correct.

**0863245**      **2021 Oct 08 PM04:56**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
[Fax]818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | CHIC HOME DESIGN LLC | | |
|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 275 MADISON AVENUE, 4TH FLOOR | CITY NEW YORK | STATE NY | POSTAL CODE 10036 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Limited Liability Company | 1f. JURISDICTION OF ORGANIZATION NY | | X NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | ISRAEL DISCOUNT BANK OF NEW YORK | | |
|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS 1114 AVENUE OF THE AMERICAS | CITY NEW YORK | STATE NY | POSTAL CODE 10036 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
All assets of the Debtor, wherever located, whether now owned or hereafter acquired.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA NY-0-82860159-62337576

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202110086628439**

# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2024
```

**Prompt Apparel LA, Inc.,**

                                    **Plaintiff,**

              -against-

**Chic Home Design LLC et al.,**

                                    **Defendants.**

**1:24-cv-00279 (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are (1) a motion by Defendants Chic Home Design LLC ("Chic") and YX1 Logistics LLC ("YX1") (collectively, the "Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking to dismiss the Amended Complaint in this action, as well as seeking judgment on Defendants' counterclaims, and pursuant to Rule 37(b)(2), seeking sanctions (Defs.' 9/30/24 Mot., ECF No. 57); and (2) a motion by Plaintiff Prompt Apparel LA, Inc. ("Plaintiff" or "Prompt"), pursuant to Rule 56, seeking partial summary judgment as to the First, Third and Fourth Causes of Action in the Amended Complaint. (Pl.'s 9/30/24 Mot., ECF No. 58.) For the reasons set forth below, both Defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment are DENIED, and Defendants' motion for sanctions is DENIED.

**BACKGROUND[1]**

This nonjury case involves a dispute regarding a warehousing arrangement between Prompt and Chic. In November 2017, Prompt entered into a written agreement (the

---

[1] In the Background section below, the Court does not include a complete recitation of the facts of this case, but only the facts necessary to decide the pending motions.

"Agreement") pursuant to which Prompt was to provide warehouse services to Chic. (Agmt., ECF No. 57-10; Defs.' 56.1, ECF No. 57-19, ¶ 1; Pl.'s 56.1 Resp., ECF No. 64-17, ¶ 1.) The Agreement provides that Chic would pay a monthly storage fee, calculated on a cubic foot basis, as well as defined fees for services that Prompt would perform, such as warehouse clerical duties, providing supplies at a cost, and preparing and receiving shipments. (Defs.' 56.1 ¶ 2; Pl.'s 56.1 Resp. ¶ 2.)

With respect to fees for "[h]andling," the Agreement states that Chic would be charged by Prompt $0.24 per cubic foot. (Agmt. at PDF p. 3.) The Agreement provides that "[r]ates [were] to be effective for a period of no less than 12 months, with prices adjustments only if warranted (such as: a change in the nature or scope of [Chic's] business profile, or unforeseen material changes in operating costs of Prompt) and agreed to by both parties." (Agmt. at PDF p. 4.) The Agreement further provides that "[i]f on the anniversary date of [the] contract[,] price adjustments are necessary and not mutually agreed upon, the rates contained in [the] agreement shall increase by the Consumer Price Index for All Urban Consumers U.S. Cities Average published by The United States Bureau of Labor Statistics." (*Id*.) Near the bottom of the signature page of the Agreement, there is a handwritten addition, which states: "*Contract valid thru 01-01-2019[.]" (*Id*.)

After January 1, 2019, the parties continued to follow the terms of the Agreement. (*See* Pl.'s 56.1, ECF No. 58-1, ¶¶ 7-8, 18; Defs.' 56.1 Resp., ECF No. 67-3, ¶¶ 7-8, 18.) On February 15, 2019, Chic emailed Prompt to request that, effective February 1, 2019, YX1 be included in the "receiving reports and warehouse bills." (Pl.'s 56.1 ¶ 45; Defs.' 56.1 Resp ¶ 45.) The parties dispute whether YX1, which is not a signatory to the Agreement, is liable to Prompt for amounts

due under the Agreement. (*Compare* Pl.'s 9/30/24 Mot. at PDF pp. 27-28, *with* Defs.' 11/5/24 Opp. Mem., ECF No. 63, at 11-12.)

In May 2023, Prompt and Chic agreed to increase the storage rate from $0.24 per cubic foot to $0.29 per cubic foot. (Pl.'s 56.1 ¶ 19; Defs.' 56.1 Resp. ¶ 19.) On or about August 23, 2023, Prompt sent a notice to Chic stating that, effective October 31, 2023, it was terminating the Agreement. (Defs.' 56.1 ¶ 13; Pl.'s 56.1 Resp. ¶ 13.) The termination notice stated that, if Chic did not remove its merchandise from the warehouse by October 31, 2023, then effective November 1, 2023, and for as long as any of Chic's property remained in the warehouse, Chic would be charged at Prompt's current rate of $0.43 per cubic foot for storage. (Pl.'s 56.1 ¶ 34; Defs.' 56.1 Resp. ¶ 34.)

Although the Agreement contains a provision regarding termination of the Agreement by Chic,[2] it does not contain a provision regarding termination by Prompt. The parties dispute whether Prompt had a right to terminate the Agreement as it did. (*Compare* Defs.' 11/5/24 Mem. at 6-11, *with* Freedman Aff., ECF No. 64, ¶ 5.) The parties further dispute whether Chic, through its conduct, accepted the storage rate of $0.43 per cubic foot commencing in November 2023. (*See* Pl.'s 9/30/24 Mot. at PDF p. 23 (Plaintiff stating that "[t]he only issue in dispute is whether Chic agreed, or is otherwise obligated, to pay the storage rate of $0.43 [per cubic foot] from November 1, 2023 onwards."); *see also* 8/29/23 Chic email to Prompt, ECF No. 57-11, at PDF pp. 7-8 ("Chic is not in agreement to pay $.43 storage as of November 2023. Our agreement was $.29 . . ..").)

---

[2] The Agreement states that "Prompt requires a 6 month notice of terminating/relocating warehouses . . .." (Agmt. at PDF p. 4.)

Prompt has charged Chic $0.43 per cubic foot since November 1, 2023. (Pl.'s 56.1 ¶ 38; Defs.' 56.1 Resp ¶ 38.) Chic has refused to pay the $0.43 per cubic foot rate. (Pl.'s 56.1 ¶ 41; Defs.' 56.1 Resp ¶ 41.) Prompt contends that it is owed $1,246,142.31 through October 31, 2024. (Pl.'s 56.1 ¶ 44.) Defendants deny that this amount is owed, and contend that Chic has paid the agreed-upon amounts due under the Agreement and that the amounts were accepted by Prompt without objection. (Defs.' 56.1 Resp. ¶¶ 41, 44.)

On or about January 4, 2024, after Prompt had filed an action in New York state court against Defendants (*see* Procedural History section, *infra*), Prompt sent a letter to Chic's bank, Israel Discount Bank of New York ("IDB"),[3] stating that Chic had not paid amounts due to Prompt and that Chic had not removed its property from Prompt's warehouse. (Defs.' 56.1 ¶ 28; Pl.'s 56.1 Resp. ¶ 28.)

## PROCEDURAL HISTORY

On or about December 13, 2023, Prompt commenced an action against Defendants in New York state court alleging that Defendants owed monies to Prompt under the terms of the Agreement, but Prompt never served Defendants with process. (Defs.' 56.1 ¶¶ 20-21, 26; Pl.'s 56.1 Resp. ¶¶ 20-21, 26.) On January 12, 2024, after Defendants learned of the New York state court action, that action was removed by Defendants to this Court. (Defs.' 56.1 ¶ 30; Pl.'s 56.1 Resp. ¶ 30; Not. of Removal, ECF No. 1.)

On February 2, 2024, Prompt filed an Amended Complaint in this action asserting claims for breach of contract (First Cause of Action), unjust enrichment (Second Cause of Action),

---

[3] IDB was a secured lender to Chic. (Pl.'s Supp. 56.1, ECF No. 64-18, ¶ 5; Defs.' 56.1 Supp. Resp., ECF No. 67-4, ¶ 5.)

reasonable value of warehousing services (Third Cause of Action) and declaratory judgment (Fourth Cause of Action). (Am. Compl., ECF No. 7, ¶¶ 6-60.) On February 4, 2024, Defendants filed their Answer to the Amended Complaint and Counterclaims. (Defs.' Ans. & Counterclaims, ECF No. 15.) Defendants assert counterclaims for breach of contract (Count One), breach of the implied covenant of good faith and fair dealing (Count Two), tortious interference (Count Three), declaratory judgment (Count Four) and permanent injunction (Count Five). (*Id.* at PDF pp. 14-16.)

On consent of the parties (*see* Consent, ECF No. 17), this case was referred to the undersigned on February 20, 2024, for all purposes, including trial and the entry of final judgment. Following the close of discovery, Plaintiff moved for partial summary judgment and Defendants moved for summary judgment, which motions are now before the Court.

In its motion for partial summary judgment, which is brought with respect to the First, Third and Fourth Causes of Action, Prompt seeks to recover from Chic and YX1 amounts due under invoices that are based upon a rate of $0.43 per cubic foot. (*See* Pl.'s 9/30/24 Mot. at PDF pp. 16-22.) In their motion for summary judgment, Defendants seek dismissal of the Amended Complaint, arguing that Prompt breached the Agreement by purporting to terminate the Agreement and by seeking to collect monies not owed. (Defs.' 9/30/24 Mem., ECF No. 57-1, at 5-10, 12-13.) Defendants also seek judgment on their counterclaims. (*Id.* at 10-12.)

## SUMMARY JUDGMENT LEGAL STANDARDS

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-

23 (1986). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). A dispute concerning a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).

"[A]t the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence . . .." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021). It must "consider the record in the light most favorable to the non-movant" and "resolve all ambiguities and draw all factual inferences in favor of the non-movant if there is a genuine dispute as to those facts." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) (internal quotation marks and citation omitted). When confronted with cross-motions for summary judgment, courts analyze "each motion separately, in each case construing the evidence in the light most favorable to the non-moving party." *Quest Shipping Ltd. v. Am. Club*, 612 F. Supp. 3d 373, 379-80 (S.D.N.Y. 2020) (cleaned up).

"[T]he district court may not properly consider the record in piecemeal fashion; rather, it must 'review all of the evidence in the record.'" *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000)). "[T]he district court's task on a summary judgment motion—even in a nonjury case—is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." *O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 642 F.3d 110, 116 (2d Cir. 2011) (citing *Vona v. Cnty. of Niagara*, 119 F.3d 201, 205 n.4 (2d Cir. 1997)).

## ANALYSIS

### I.   The Parties' Motions For Summary Judgment

Given the disputed issues of material fact that are present on the record before the Court, as explained below, both Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment are denied.

#### A.   Breach Of Contract

Both Plaintiff and Defendants seek summary judgment with respect to the breach of contract claims (*i.e.*, Plaintiff's First Cause of Action and Count One of Defendants' Counterclaims). Under New York law,[4] the elements of a claim for breach of contract are: "[1] the existence of a contract, [2] the plaintiff's performance thereunder, [3] the defendant's breach thereof, and [4] resulting damages." *Harris v. Seward Park Hous. Corp.*, 79 A.D.3d 425, 426 (1st Dep't 2010) (citation omitted).

In the present case, the Court cannot determine as a matter of law whether or not Defendants breached the Agreement, as Plaintiff contends, by failing to pay amounts due (*see* Am. Compl. ¶¶ 36-39) because there is a factual dispute as to whether the rate to be charged was the $.43 per cubic foot sought by Plaintiff or the $.29 per cubic foot that Defendants assert applies.[5] Nor can the Court determine as a matter of law whether or not Plaintiff breached the Agreement, as Defendants contend, by "demand[ing] sums of money in excess of that to which

---

[4] Both parties argue New York law in their legal memoranda. (*See* Pl.'s 9/30/24 Mot. at PDF p. 23; Defs.' 9/30/24 Mem. at 5.) This is sufficient to establish the applicable choice of law. *See ARS Kabirwala, LP v. El Paso Kabirwala Cayman Co.*, No. 16-CV-06430 (GHW), 2017 WL 3396422, at *3 (S.D.N.Y. Aug. 8, 2017) (citing *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009)).

[5] There also is a factual dispute (or perhaps a mixed question of law and fact) regarding whether one of the Defendants, *i.e.*, YX1, can be liable under the Agreement since it is not a signatory to the Agreement.

it is entitled" (Defs.' Ans. & Counterclaims at p. 14), again, because the parties dispute the rate to be charged. Thus, both Plaintiff's and Defendants' motions for summary judgment with respect to the breach of contract claims are denied.

### B. Breach Of Covenant Of Good Faith And Fair Dealing

On the record before the Court, summary judgment cannot be granted to Defendants on Count Two of their Counterclaims for breach of the covenant of good faith and fair dealing. "Under New York law, a duty of good faith and fair dealing is implied in every contract, to the effect that neither party 'shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017) (quoting *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)). "The implied covenant does not include any term inconsistent with the terms of the contractual relationship." *Id.* "The elements of a claim of breach of the implied covenant are similar to causes of action for breaches of duties of care, in that it requires the existence of a duty, breach of that duty, causation, and damages." *Id.*

Defendants contend that Plaintiff breached the covenant of good faith and fair dealing by issuing a notice of termination of the Agreement. (Defs.' Ans. & Counterclaims at p. 15.) The Agreement is silent regarding when Plaintiff can terminate the Agreement. "In New York, the general rule is that a contract that does not contain a termination provision is terminable upon reasonable notice." *Jinjit, Ltd. v. Jovani Fashion, Ltd.*, No. 14-CV-02585 (DAB), 2016 WL 11618504, at *7 (S.D.N.Y. Mar. 30, 2016). There are issues of fact regarding whether or not the notice provided was reasonable, thus precluding summary judgment. *See Millgard Corp. v. E.E. Cruz/Nab/Fronier-Kemper*, No. 99-CV-02952 (LBS), 2003 WL 22801519, at *5 (S.D.N.Y. Nov. 24,

2003) (denying summary judgment where issues of fact regarding reasonable notice of termination).

### C. "Reasonable Value Of Warehousing Services"[6]

Plaintiff seeks summary judgment on its Third Cause of Action, which is pled as a claim for "Reasonable Value of the Warehousing Services." (*See* Am. Compl. at 6.) Plaintiff does not identify the precise cause of action under which it seeks to recover the reasonable value of its warehousing services, separate from its claim for unjust enrichment.[6] (*See id*.; *see also* Pl.'s 9/30/24 Mot. at PDF pp. 18-20.) In any event, there are issues of fact regarding the reasonable value of warehousing services, which cannot be resolved in the context of a motion for summary judgment. *Cf. Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 20-CV-09183 (JGK), 2024 WL 4229902, at *13 (S.D.N.Y. Sept. 17, 2024) (whether defendants reimbursed plaintiffs for "reasonable value of services" presented question of fact) (denying summary judgment on unjust enrichment claim under New York law).

### D. Declaratory Judgment

Plaintiff seeks summary judgment on its Fourth Cause of Action for a declaratory judgment. Plaintiff requests a declaration that it terminated the Agreement effective as of October 31, 2023, and that, for warehousing services on and after November 1, 2023, Defendants must pay $0.43 per cubic foot for storage. (Am. Compl. ¶ 60.)[7] As set forth in Analysis Sections I

---

[6] The reasonable value of services performed is the proper measure of damages for causes of action sounding in unjust enrichment and quantum meruit. *See DG & A Mgmt. Servs., LLC v. Sec. Indus. Ass'n Compliance and Legal Div.*, 78 A.D.3d 1316, 1318 (3d Dep't 2010).

[7] Plaintiff's Amended Complaint contains two paragraphs that are numbered "60.") (*See* Am. Compl. at p. 7.) The citation in the text is to the second paragraph bearing the number "60."

and II, *supra*, there are issues of fact regarding Plaintiff's termination of the Agreement and the rate to be paid under the Agreement. Thus, Plaintiff is not entitled to summary judgment on its Fourth Cause of Action.

Defendants seek summary judgment on Count Four of their Counterclaims for a declaratory judgment. Defendants seek a declaration that Plaintiff's termination notice is void and of no force and effect. (Defs.' Ans. & Counterclaims at 17.) Again, there are issues of fact regarding Plaintiff's termination of the Agreement, which preclude summary judgment being granted to Defendants.

### E.  Tortious Interference

Defendants seek summary judgment on Count Three of their Counterclaims for tortious interference. Defendants allege that Plaintiff intentionally interfered with Chic's agreements and economic benefits with IDB by "issuing false and/or misleading termination letters and making financial demands of IDB." (Defs.' Ans. & Counterclaims at 15.) In their moving memorandum, Defendants include arguments based upon a claim for tortious interference with prospective business advantage.[8] (*See* Defs.' 9/30/24 Mem. at 11-12.)

"A claim for tortious interference with prospective business advantage must allege that: (a) the [offended party] had business relations with a third party; (b) the [offending party] interfered with those business relations; (c) the [offending party] acted with the sole purpose of harming the [offended party] or by using unlawful means; and (d) there was resulting injury to

---

[8] Thus, although the Amended Complaint also refers to Prompt's alleged tortious interference with Chic's "agreements" and "contractual rights[,]" Chic does not appear to be asserting a claim for tortious interference with contract. Notably, Chic does not allege that IDB breached any agreement with Plaintiff. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-02 (2d Cir. 2006) (setting forth elements for tortious interference with contract claim under New York law including breach).

the business relationship." *Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 108 (1st

Dep't 2009) (citation omitted); *see also Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115,

132 (2d Cir. 2008) (framing third element in terms of using "dishonest, unfair or improper

means").

Defendants have not established that they are entitled to summary judgment on such a

claim. At the very least, there are issues of fact regarding whether Plaintiff acted with the sole

purpose of harming Defendants and/or whether Plaintiff used unlawful means. (*See* Friedman

Aff. ¶ 14.) Therefore, summary judgment on Count Three of Defendants' Counterclaims is denied.

*See Cestari v. Bancorp, Inc.*, 364 F. Supp. 3d 327, 340 (S.D.N.Y. 2019) (denying summary judgment

when, *inter alia*, disputed facts regarding whether defendant used dishonest, unfair, or improper

means).[9]

## II.   **Defendants' Motion For Sanctions**

Defendants seek sanctions against Plaintiff, pursuant to Rule 37(b)(2), for Plaintiff's

purported failure to provide discovery in compliance with a Court Order. (Defs.' 9/30/24 Mem.

at 13-16.) Defendants contend that, during the deposition of Plaintiff's corporate designee,

Herman Friedman, he "conceded that Prompt did not provide all documents as ordered by the

Court." (Defs.' 9/30/24 Mem. at 14.) Plaintiff responds that certain of the documents referenced

by Defendants do not exist and that it did not produce QuickBooks records because they did not

---

[9] In their moving memorandum, Defendants do not include arguments as to why they would be entitled to summary judgment on Count Five of their Counterclaims for a permanent injunction. In Count Five, Defendants seek to enjoin Plaintiff from taking any further action in connection with the termination notice. (Defs.' Ans. & Counterclaims at 16-17.) Even assuming, *arguendo*, that Defendants were seeking summary judgment on Count Five, they would not be entitled to it because, again, there are issues of fact regarding Plaintiff's termination notice, as discussed above.

contain information pertaining to the Agreement or any modification thereof. (Friedman Aff. ¶¶ 17-21.)

Rule 37(b)(2)(A) provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,] including imposing certain enumerated sanctions. Fed. R. Civ. P. 37(b)(2)(A). "A court order directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions." *Loc. 3621, EMS Officers Union, DD-37, AFSCME, AFL-CIO v. City of New York*, No. 18-CV-04476 (LJL) (SLC), 2021 WL 134566, at *3 (S.D.N.Y. Jan. 14, 2021). "Sanctions under Rule 37 are "a harsh remedy to be used only in extreme situations." *Id.* (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). The Court retains "wide discretion in imposing sanctions." *Streets v. Mangena*, No. 23-CV-10648 (AT) (SDA), 2024 WL 4729059, at *2 (S.D.N.Y. Oct. 18, 2024), *report and recommendation adopted*, 2024 WL 4729044 (S.D.N.Y. Nov. 8, 2024). In deciding whether to impose sanctions under Rule 37(b), courts in the Second Circuit consider four non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance*." S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

Defendants contend that Plaintiff failed to comply with the Court's May 23, 2024 Order to produce "documents 'relating to the business transactions and warehousing agreements between Plaintiff and Defendant that were referenced in the Complaint in this action for the period January 1, 2023 through January 12, 2024[.]'" (*See* Defs.' 9/30/24 Mem. at 14 (quoting 5/23/24 Order, ECF No. 42.) However, that Order and the follow-on Order referenced by

Defendants (*see id.* (citing 6/12/24 Order, ECF No. 48)), required Plaintiff to produce only "email communications[,]" which was the only type of documents sought in Defendants' motion to compel, other than documents related to damages, which the Court denied. (*See* Defs.' 5/17/24 Letter Motion, ECF No. 37.) Because Defendants do not point to any Order requiring Plaintiff to produce QuickBooks records, the Court, in its discretion, finds that sanctions under Rule 37(b)(2) are not warranted. *See Loc. 3621*, 2021 WL 134566, at *4 (denying motion for sanctions under Rule 37(b)(2) when moving party did not identify court order directing production).

Moreover, even if the QuickBooks records were the type of documents covered by the Court's Orders, Plaintiff disputes whether they are responsive. (Friedman Aff. ¶ 21.) The deposition in question took place on June 28, 2024. (*See* Friedman Dep. Tr., ECF No. 57-8.) Discovery in this action closed on August 9, 2024. (*See* Civil Case Management Plan and Scheduling Order, ECF No. 16; *see also* 5/3/24 Order, ECF No. 36.) Thus, Defendants had ample opportunity to seek further discovery regarding this issue prior to the discovery deadline, including by filing another motion to compel if necessary, and failed to do so. In these circumstances, Defendants' request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 57) is

DENIED and Plaintiff's motion for partial summary judgment (ECF No. 58) also is DENIED. In

addition, Defendants' motion for sanctions (ECF No. 57) is DENIED. No later than January 17,

2025, the parties shall submit a Joint Pretrial Order, in accordance with the undersigned's

Individual Practices.

**SO ORDERED.**

Dated:      New York, New York
            November 25, 2024

_____
STEWART D. AARON
United States Magistrate Judge

# EXHIBIT I

## NOTICE OF RESCHEDULED INTENDED AUCTION SALE OF MERCHANDISE

To: Secured Creditors of CHIC HOME DESIGN LLC
and/or YX1 LOGISTICS LLC

REFERENCE IS MADE to the DEMAND FOR PAYMENT AND NOTICE OF INTENDED AUCTION SALE OF MERCHANDISE dated November 8, 2024 that was served on you on or about November 12, 2024 (the "AUCTION NOTICE"). For your reference, a copy of the AUCTION NOTICE is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE that the auction of merchandise described in the AUCTION NOTICE has been rescheduled.**

**The sale of the Merchandise will take place pursuant to an auction to be conducted at the Warehouse located at 4060 E. Francis Street, Suite 200, Ontario, CA 90810 and virtually by A.J. Wilner Auctions, 91 Hamburg Turnpike, Riverdale, New Jersey 07457 at its website AJWAuctions.com, such auction to be held on <u>Thursday, December 12</u>, 2024 and continuing day to day thereafter until completed**. The online auction will remain open until 8:00 A.M. PST / 11:00 A.M. EST on December 12, 2024, at which time the on-site auction at the Warehouse will commence.

The terms of sale and the auction catalog, if any, may be requested from the Auctioneer by email at hbyrnes@ajwilner.com.

All other terms, conditions, and representations contained in the AUCTION NOTICE remain in full force and effect.

Dated: November 27, 2024

PROMPT APPAREL LA. INC.

By: _____
                 Herman Friedman,
                 President

Exhibit "A"
List of Secured Creditors

Chic Home Design, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

YX1 Logistics, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

IDB Bank
Attention: Jerry Hertzman
1114 Avenue of the Americans
New York, New York 10036

Gary Herwitz, Managing Director
CoMetrics Partners, LLC
1411 Broadway, 8th floor
New York, New York 10018

Hedaya Capital Group, Inc.
Attn: Legal Department
240 W. 35th Street, Suite 305
New York, New York 10001

Merchants Factors Corp.
Attn: Legal Department
1430 Broadway
New York, New York 10018

Bank Leumi
Attn: Legal Department
579 5th Avenue
New York, New York 10017

United States Small Business Administration
Attn: Legal Department
2 North Street - Suite 320
Birmingham, AL 35

# EXHIBIT A

DEMAND FOR PAYMENT AND
NOTICE OF INTENDED AUCTION SALE OF MERCHANDISE

To: Secured Creditors of CHIC HOME DESIGN LLC
and/or YX1 LOGISTICS LLC

PLEASE TAKE NOTICE that Prompt Apparel LA Inc. (hereinafter referred to as "Prompt") is currently owed no less than $1,369,482.33 (hereinafter referred to as the "Indebtedness") representing its fees and charges for both labor and storage of merchandise (the "Merchandise") belonging to Chic Home Design LLC ("Chic") and/or YX1 Logistics LLC ("YX1"), or both, in Prompt's warehouse located at 406 E. Francis Street, Suite 200, Ontario, CA 90810 (hereinafter the "Warehouse").

The Indebtedness arises from warehousing services provided by Prompt to Chic and/or YX1, or both, at the Warehouse. Storage of the Merchandise in the Warehouse commenced in or about November of 1997. The unpaid charges are for storage of the Merchandise and labor charges with respect to shipment of the Merchandise from the Warehouse were incurred between July 15, 2023 and November 1, 2024. A schedule of each invoice remaining unpaid, whether in whole or in part, is annexed hereto as Schedule 1 and incorporated herein with same force and effect as if set forth at length herein. The merchandise which was stored by Chic and/or YX1, or both at the Warehouse consists of linens, comforters, and furniture consisting of chairs and tables, small couches and other miscellaneous items.

PLEASE TAKE FURTHER NOTICE THAT DEMAND is hereby made by Prompt for full payment of the Indebtedness which should be paid to Prompt at 673 South 21st Street, Irvington New Jersey 07111.

PLEASE TAKE FURTHER NOTICE that if full payment of the Indebtedness is not received by Prompt on or before the close of business on November 21, 2024, then in accordance with the provisions of California Commercial Code, Section 7210(a), Prompt will exercise its rights and will sell all of the Merchandise belonging to Chic and/or YX1 or both, presently in storage at the Warehouse. The sale of the Merchandise will take place pursuant to an auction to be conducted at the Warehouse located at 406 E. Francis Street, Suite 200, Ontario, CA 90810 and virtually by A.J. Wilner Auctions,91 Hamburg Turnpike, Riverdale, New Jersey 07457 at its website AJWAuctions.com, such auction to be held on Tuesday, December 10, 2024 and continuing day to day thereafter until completed.

The terms of sale and the auction catalog, if any, may be requested from the Auctioneer by email at hbyrnes@ajwilner.com.

Dated: November 8 , 2024

PROMPT APPAREL LA, INC.

By:_____

Herman Friedman,
President

Exhibit "A"
List of Secured Creditors

Chic Home Design, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

YX1 Logistics, LLC
Attention: Jack Saadia
275 Madison Avenue - 3rd Floor
New York, New York 10016

IDB Bank
Attention: Jerry Hertzman
1114 Avenue of the Americas
New York, New York 10036

Gary Herwitz, Managing Director
CoMetrics Partners, LLC
1411 Broadway, 8th floor
New York, New York 10018

Hedaya Capital Group, Inc.
Attn: Legal Department
240 W. 35th Street, Suite 305
New York, New York 10001

Merchants Factors Corp.
Attn: Legal Department
1430 Broadway
New York, New York 10018

Bank Leumi
Attn: Legal Department
579 5th Avenue
New York, New York 10017

United States Small Business Administration
Attn: Legal Department
2 North Street - Suite 320
Birmingham, AL 35203

# SCHEDULE 1

# PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
**Tel:  (310) 639-9990**

11/05/2024

| | Bill To |
|---|---|
| | CHIC HOME DESIGN LLC |
| | YX1 LOGISTICS LLC |
| | 275 Madison Avenue 3rd floor |
| | New York, NY 10016 |

## STATEMENT

### 11/05/2024

**Tel:**  212-252-1280          Customer ID: **CHIC**

**Fax:**                              Contact Name:  David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
|---|---|---|---|---|---|---|---|
| W 36103 | 07/15/23 | 12,500.00 | | | 479 | 12,500.00 | **12,500.00** |
| S 36642 | 11/01/23 | 145,473.59 | 94,324.21 | | 370 | 51,149.39 | **63,649.39** |
| S 36817 | 12/01/23 | 136,481.23 | 92,103.78 | | 340 | 44,377.45 | **108,026.84** |
| S 36818 | 12/01/23 | 11,142.55 | 7,893.33 | | 340 | 3,249.22 | **111,276.06** |
| S 36931 | 01/01/24 | 131,953.75 | 88,937.36 | | 309 | 43,016.39 | **154,292.45** |
| S 36932 | 01/01/24 | 11,562.54 | 7,796.92 | | 309 | 3,765.62 | **158,058.07** |
| S 37116 | 02/01/24 | 126,527.86 | 85,285.75 | | 278 | 41,242.11 | **199,300.18** |
| S 37117 | 02/01/24 | 11,215.10 | 7,562.69 | | 278 | 3,652.41 | **202,952.59** |
| W 37207 | 02/19/24 | 449.64 | | | 260 | 449.64 | **203,402.23** |
| F 37210 | 02/29/24 | 18,878.55 | | | 250 | 18,878.55 | **222,280.78** |
| F 37211 | 02/29/24 | 399.00 | | | 250 | 399.00 | **222,679.78** |
| S 37220 | 03/01/24 | 120,696.52 | | | 249 | 120,696.52 | **343,376.30** |
| S 37221 | 03/01/24 | 10,488.35 | | | 249 | 10,488.35 | **353,864.65** |
| F 37350 | 03/31/24 | 12,425.05 | | | 219 | 12,425.05 | **366,289.70** |
| F 37351 | 03/31/24 | 386.60 | | | 219 | 386.60 | **366,676.30** |
| S 37402 | 04/01/24 | 115,539.63 | | | 218 | 115,539.63 | **482,215.93** |
| S 37403 | 04/01/24 | 10,327.99 | | | 218 | 10,327.99 | **492,543.92** |
| F 37580 | 04/30/24 | 6,268.50 | | | 189 | 6,268.50 | **498,812.42** |
| F 37581 | 04/30/24 | 663.00 | | | 189 | 663.00 | **499,475.42** |
| S 37582 | 05/01/24 | 114,322.59 | | | 188 | 114,322.59 | **613,798.01** |
| S 37583 | 05/01/24 | 10,103.74 | | | 188 | 10,103.74 | **623,901.75** |
| F 37694 | 05/31/24 | 5,090.90 | | | 158 | 5,090.90 | **628,992.65** |
| F 37695 | 05/31/24 | 430.00 | | | 158 | 430.00 | **629,422.65** |
| S 37698 | 06/01/24 | 9,957.32 | | | 157 | 9,957.32 | **639,379.97** |
| S 37704 | 06/01/24 | 113,387.59 | | | 157 | 113,387.59 | **752,767.56** |
| S 37884 | 07/01/24 | 113,387.59 | | | 127 | 113,387.59 | **866,155.15** |
| S 37885 | 07/01/24 | 9,957.32 | | | 127 | 9,957.32 | **876,112.47** |
| S 38030 | 08/01/24 | 113,387.59 | | | 96 | 113,387.59 | **989,500.06** |
| S 38031 | 08/01/24 | 9,957.32 | | | 96 | 9,957.32 | **999,457.38** |
| S 38142 | 09/01/24 | 113,387.59 | | | 65 | 113,387.59 | **1,112,844.97** |

# PROMPT APPAREL LA

**673 S. 21st St**
**Irvington, NJ 07111**
    **Tel:  (310) 639-9990**

11/05/2024

| | Bill To |
|---|---|

CHIC HOME DESIGN LLC
YX1 LOGISTICS LLC
275 Madison Avenue 3rd floor
New York, NY 10016

# STATEMENT

**11/05/2024**

**Tel:**  212-252-1280          Customer ID:  **CHIC**

**Fax:**                              Contact Name:  David Ext 306 Jack Chalouh 302 Steven 315 M

| Invoice No. | Date | Invoice Amt. | Paid / Credit | Credit Applied | Days old | Inv. Balance | Total |
|---|---|---|---|---|---|---|---|
| S  38143 | 09/01/24 | 9,957.32 | | | 65 | 9,957.32 | **1,122,802.29** |
| S  38278 | 10/01/24 | 113,382.70 | | | 35 | 113,382.70 | **1,236,184.99** |
| S  38279 | 10/01/24 | 9,957.32 | | | 35 | 9,957.32 | **1,246,142.31** |
| S  38470 | 11/01/24 | 113,382.70 | | | 4 | 113,382.70 | **1,359,525.01** |
| S  38471 | 11/01/24 | 9,957.32 | | | 4 | 9,957.32 | **1,369,482.33** |

**Unapplied Payments:**

| Description | Date | Check No. | Amount | Payments | Balance |
|---|---|---|---|---|---|
| U/A PAYMENT | 04/15/22 | 1048405615 | 0.20 | | 0.20 |
| U/A PAYMENT | 02/08/24 | 0753521039 | 55.78 | | 55.78 |
| U/A PAYMENT | 04/30/18 | 3927 | 0.45 | | 0.45 |
| | | | | **Total:** | **56.43** |

| 1-30 Days | 30-60 Days | 60-90 Days | 90-120 Days | Over 120 Days | Grand Total |
|---|---|---|---|---|---|
| 123,340.02 | 123,340.02 | 123,344.91 | 123,344.91 | 876,112.47 | 1,369,482.33 |

Please examine this statement at once. If no error is reported in 14 days, the account will be considered correct.

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-002501-24**

**Case Caption:** ISRAEL DISCOUNT BANK  OF NEW Y  VS
PROMPT APPAREL

**Case Initiation Date:** 12/20/2024

**Attorney Name:** JONATHAN ADAM OZAROW

**Firm Name:** CLARK GULDIN ATTORNEYS AT LAW

**Address:** 20 CHURCH ST SUITE 15
MONTCLAIR NJ 07042

**Phone:** 9737075346

**Name of Party:** PLAINTIFF : Israel Discount Bank of New Yo

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** TORT-OTHER

**Document Type:** Verified Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Israel Discount Bank of New
Yo? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2024
Dated

/s/ JONATHAN ADAM OZAROW
Signed